WILLIAM MINKHART *et ux.*, Plaintiffs in Error, *v.* FREDERICK HANKLER, Defendant in Error.

ERROR TO MONROE.

In ejectment to recover a town lot, in the description of which the name of the county and State is omitted, there will be a want of jurisdiction in the Circuit Court.

A judgment in ejectment which finds the defendant guilty of unlawfully withholding the premises described from the plaintiff, and that the plaintiff is entitled to the same, is sufficient.

A judgment will not be reversed because of the use of untechnical or inappropriate words in it.

Where there is a general verdict or finding, the judgment will not be reversed because one of the counts, in the declaration, is defective.

THIS cause was tried before UNDERWOOD, Judge, without a jury, at April term, 1852, of the Monroe Circuit Court. The court found the defendant guilty, but did not find the estate of the plaintiffs, and rendered judgment for plaintiffs, but did not order a writ of possession. Defendant below brings the case here.

W. H. and J. B. UNDERWOOD, for Plaintiffs in Error.

G. KOERNER, for Defendant in Error.

SKINNER, J. This was an action of ejectment. The declaration contains two counts, claiming the premises in fee simple. The first count describes the premises as " lot number seventeen, in the town of Columbia," omitting the county and State ; and, therefore, the action being local, it does not appear that the Circuit Court had jurisdiction. The second count is unobjectionable. The record shows that the declaration was filed, and a rule taken to plead. The objection that it does not appear that a declaration was filed, has, therefore, no foundation in the record. The defendant pleaded not guilty, and the cause was tried by the court, who found " the defendant guilty of unlawfully withholding from the plaintiffs the premises in the plaintiffs' declaration mentioned, to wit : lot number seventeen in the town of Columbia, in the county of Monroe and State of Illinois, and that the plaintiffs are entitled to the same." It is objected that the court did not find the estate established by the proofs in the plaintiffs. This is necessary under our statute.

The court found the defendant guilty of unlawfully withholding the premises, and this determined the right of possession to be in the plaintiffs. The words of the record—" and that the plaintiffs are entitled to the same"—evidently have reference to the estate of the plaintiffs therein, and import that they are the owners thereof, or seized in law of the entire estate therein. If this is not their meaning, they have no effect whatever.

The judgment must follow the declaration, which claims a fee simple estate, and a recovery could be had of no other estate under the pleadings. *Ballance* v. *Ranken*, 12 Ill. R. 420. The record, therefore, finds the plaintiffs' estate in the premises recovered to be a fee simple. Whatever language may be used in the record, if it is apparent what the finding of the court was, and that finding is correct in law, a judgment will not be reversed because of the use of untechnical or inappropriate words. *Benedict* v. *Dillehunt*, 3 Scam. R. 287 ; *Foster* v. *Jared*, 12 Ill. R. 451.

Where there is a general verdict or finding, the judgment will not be reversed because one of the counts of the declaration is defective.

The statute provides that, " whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed, if any one or more of the counts be good," and this provision we hold applicable to ejectment writs.

*Judgment affirmed.*