C. E. LEWIS, PLAINTIFF IN ERROR, v. J. WATRUS, DEFENDANT IN ERROR.

1. **Judgment in Probate Court.** In the probate court a "judgment decreed in favor cf plaintiff in the sum of, principal $174.70, interest 85 cents, judgment $175.55," and costs $9.30, is a final determination of the rights of the parties in the action, and though untechnical in form, is sufficient as the entry of a judgment.

2. **Practice :** APPEALS TO DISTRICT COURT. If the district court has no jurisdiction of an appeal case, it is error to render a final judgment, or judgment for costs; and when the district court has jurisdiction in such case, and a jury has been called, and the evidence of the parties has been given to the jury, it is error to discharge the jury and to render a final judgment by the court in such case.

ERROR to the district court for Fillmore county. Tried below before WEAVER, J.

*Brown & Marshall,* for plaintiff in error.

I. The judgment rendered in the court below was a good and valid judgment. The statement in the docket that judgment was rendered in favor of the plaintiff, there being but one defendant, sufficiently shows that judgment was rendered against the defendant. *Aldrich v. Maitland,* 4 Mich., 205   *Fish v. Everson,* 44 N. Y., 367. *Story v. Kimball,* 6 Verm., 541.   *Little v. Bidwell,* 27 Texas, 688. *Finnagan v. Manchester,* 12 Iowa, 521. *Leggett v. Wall,* 2 A. K. Marsh, 149. *Brooks v. Ratcliffe,* 11 Iredell, N. C., 321.   Freeman on Judgments, Secs. 46 to 55.

II. This same motion had once been made and overruled two years before the motion in question was filed. The defendant had treated the judgment entered, as a valid judgment, by taking an appeal and filing a bond,

in which he recites that a judgment had been rendered by which he felt aggrieved, etc. By this recital the defendant is estopped from saying now that there was no judgment. To hold otherwise might enable the defendant, as in this case, to perpetuate a great fraud. The plaintiff obtained a judgment. The defendant recognized it as such and appealed from it, thus arresting proceedings until the defendant removes all his property out of the state, then dismisses the appeal, and leaves the plaintiff without remedy. We think it is not the intention of the law to assist parties in perpetrating frauds of this kind. Again, this was an action to recover more than $100, and an appeal and trial *de novo*, and the court had jurisdiction, even if there had been no judgment in the court below, as the action could have been originally commenced in the district court.

III. If there was no judgment in the court below, and it was absolutely essential that there be one, the district court should have sent the cause back to the lower court, with orders to the lower court to complete the judgment. In any view it was error to dismiss the case, and charge the costs to the plaintiff.

No appearance for defendant in error.

GANTT, CH. J.

This action was originally commenced in the probate court, upon a promissory note not negotiable. On the seventh of June, 1873, defendant filed an appeal bond, and on the thirtieth of January, 1874, he filed his transcript and appeal in the district court. At the May term (1874) the case was continued, and at the May term (1875) defendant filed his motion to strike the papers from the files, on the ground that no judgment was rendered in the case in the probate court. This motion

was overruled and the defendant filed his answer, and afterwards he filed an amended answer. At the June term (1876), upon affidavit of defendant, the cause was continued, and at the June term (1877) a jury was impaneled in the case and the parties proceeded with the trial of the cause; but after each party had introduced all his testimony the defendant then filed another motion to dismiss the appeal for want of jurisdiction, on the ground that there was no judgment to appeal from. The jury was discharged, the appeal was dismissed, and the court rendered judgment, as follows: "It is therefore considered and adjudged that this cause of action be and the same is hereby dismissed, and that the defendant, John Watrus, go hence without day and have and recover of the plaintiff the costs of this action taxed at ———."

We think the court erred in dismissing the appeal, and also in rendering a final judgment on the merits of the case and for costs in favor of the defendant. The code defines "a judgment to be the final determination of the rights of the parties in an action "—§ 428. The judgment rendered by the probate court is very informal, but it is "a judgment decreed in favor of plaintiff in the sum of, principal, $174.70; interest, 85 cents. Judgment, $175.55," and costs, $9.30. Though the language is untechnical, still it seems pretty clearly to be a "final determination of the rights of the parties to the action."

Freeman on Judg., § 47, says in respect of a judgment in these inferior courts that "if it corresponds with the definition of a judgment as established by the code, if it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligent language the relief granted, its claim to confidence will not be lessened by want of technical form nor by the absence of language

commonly deemed especially appropriate to formal judicial records;" and in § 57 the words "I give judgment" was held good, and the language, "whereupon the court orders that plaintiff pay the costs of suit, and that execution issue therefor, in a record showing the trial by a jury and a verdict for the defendant, though not in technical language, was held sufficient to constitute a valid judgment;" and the author quotes from *Taylor v. Runyan*, 3 Clarke, 474, this language of the court: "We would not hesitate to enforce a judgment because 'decreed' or 'resolved' was used instead of considered."

In *Minkhart v. Hankler*, 19 Ill., 47, it is said that "no judgment will be reversed for the use of inappropriate or untechnical words." Freeman on Judg., § 55.

In *Fish v. Emerson*, 44 N. Y., 376, the judgment was in form substantially as the one in the case at bar, and was held sufficient as the entry of a judgment.

Again, if the court had jurisdiction of the case then it erred in discharging the jury and in rendering a final judgment on the merits of the case; and if the court had no jurisdiction of the case then it had no power to render a final judgment, or judgment for costs. *Burke v. Jackson*, 22 Ohio St., 268. Hence, in any view in which the case may be considered, there is error in the record, and the judgment of the court below must be reversed, the appeal must be reinstated, and the case be proceeded with to trial.

JUDGMENT ACCORDINGLY.