RANSDELL AND REED, PLAINTIFFS IN ERROR, V. ERI C. PUTNAM, DEFENDANT IN ERROR.

Trial to the Court: FINDING. When an action at law is tried to a court without a jury, the finding of fact by such court is a substitute for, and stands in lieu of, a verdict of a jury, and need be no more specific than the verdict of a jury upon the same pleadings and evidence.

ERROR to the district court for Madison county. Tried below before BARNES, J.

*Wigton & Whitham,* for plaintiffs in error cited: Gould's Pleadings, § 56. *Uhlig v. Garrison,* 2 N. W. R., 258. *Semple v. Hailman,* 3 Gilm., 131. *Smith v. Silvis,* 8 Neb., 167.

*Brome & Durland,* for defendent in error, cited: *Degering v. Flick,* 14 Neb., 448. Freeman judgments, §§ 53–55. *Church v. Crossman,* 41 Iowa, 373. *Garret v. Wood,* 3 Kan., 231.

COBB, CH. J.·

This case was originally tried before a justice of the peace. The plaintiff's cause of action was stated in his bill of particulars, as follows: "Plaintiff says that defendants Ransdell and Reed· are justly indebted to him in the

sum of one hundred and twenty-five dollars on account of work and labor performed by the plaintiff for defendants at their request after the fifteenth day of September, 1881, and before the commencement of this action. Plaintiff further says that the defendants have totally failed and refused to pay him the said sum of money so due for said services, or any part thereof, though often requested, etc.," and demanded judgment for one hundred and twenty-five dollars besides costs.

The defendants filed their counter-claim or set-off in the sum of eighty-one dollars, as follows: "The defendants allege by way of cross demand, that before the bringing of this suit plaintiff was and still is indebted to defendants in the sum of sixty-eight dollars for lodging, fuel, and rent, ten dollars for rent of portions of office for tool chests, and three dollars for money had and received by plaintiff from defendant; wherefore defendants pray judgment for eighty-one dollars and costs."

After hearing the testimony, the justice rendered his judgment as follows: "After hearing and duly weighing the testimony and authorities, it was found by this court that the plaintiff have and recover of the defendants Ransdell and Reed the sum of twenty-nine dollars and fifty cents, as due him for services and labor done and performed, and for costs of this suit, taxed as follows," etc.

The case was taken to the district court on error, where the judgment of the justice was duly affirmed and the said petition in error dismissed; from which judgment the case is brought to this court on error. The points presented by the plaintiffs in error in their brief are as follows:

*First,* The justice made no finding of facts.

*Second,* If the justice made a finding of facts such finding is not sufficiently definite and certain.

*Third,* If there is a finding of fact made such finding is not responsive to all the issues, and the district court erred in affirming such judgment of the justice of the peace.

The finding of facts by a court is in fact a substitute for the verdict of a jury. Had there been a jury in this case, a proper verdict from it would have been: "We, the jury, find for the plaintiff, and assess his damages at twenty-nine dollars and fifty cents." That verdict applied to the claim of the plaintiff and the counter-claim of the defendants would have said, in effect, that the jury found a balance of that amount due to the plaintiff on his account after allowing all that the defendants were entitled to have allowed on their counter-claim or set-off. That, as I understand it, is in effect said by the finding of the justice of the peace in this case. There was really but one issue to be tried by the justice; that was the state of accounts between the plaintiff and defendants as proven at the trial.

The judgment of the district court dismissing the petition in error and affirming the judgment of the justice of the peace is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.