McNAMARA & DUNCAN, PLAINTIFFS IN ERROR, V. ANTON CABON, DEFENDANT IN ERROR.

Judgment: FORM. A judgment in the following form is not void : "After hearing the proof it is the opinion of the court that the defendant, Anton Cabon, is indebted to the plaintiff in the sum of $100. It is therefore considered and adjudged by me that Anton Cabon pay to the plaintiff, McNamara & Duncan, the sum of $100.00 with interest from Dec. 20, 1883, and costs of this suit taxed at $3.15."

ERROR to the district court for Pierce county. Tried below before TIFFANY, J.

*E. P. Weatherby*, for plaintiffs in error.

*H. C. Brome*, for defendant in error.

MAXWELL, CH. J.

This action was commenced in the county court of Pierce county on the 20th day of December, 1883, and on

the 15th day of January, 1884, judgment by default was entered against said defendant.

On the 22d of the following February a transcript of said judgment was filed in the district court of said county, and on the 29th day of January, 1885, an execution was issued out of said district court on said judgment and levied on certain real estate in said county. On the 14th day of July, 1884, a motion was filed by the defendant in said district court asking that said execution be quashed and that the transcript of judgment be stricken from the files for the reason that there was no finding by the court, and that there was no judgment entered on said cause, and that said district court was without jurisdiction.

The finding and judgment of the court were in words and figures as follows :

" After hearing the proof, it is the opinion of the court that the defendant, Anton Cabon, is indebted to the plaintiff in the sum of $100.00. It is therefore considered and adjudged by me that Anton Cabon pay to the plaintiff, McNamara & Duncan, the sum of $100.00 with interest from Dec. 20, 1883, and costs of this suit taxed at $3.15.

"JACOB B. SHAROT,

" Co. Judge."

The district court sustained the motion, to which the plaintiff excepted, and now assigns the same for error.

The ruling of the court below seems to be based upon the theory that the judgment in question was void.

Sec. 428 of the code of civil procedure defines a judgment to be "the final determination of the rights of the parties in an action."

In Lewis v. Watrus, 7 Neb., 477, where the form was "a judgment decreed in favor of plaintiff in the sum of principal $174.70, interest 85 cents, judgment $175.55," and costs $9.30, it was held to be a final determination of the rights of the parties to the action and a valid judg-

ment, although the language was untechnical. Citing
*Taylor v. Runyan,* 3 Clarke (Ia.), 474 ; *Minkhart v. Hank-
ler,* 19 Ill., 47 ; *Fish v. Emerson,* 44 N. Y., 376.

In *Ransdell v. Putnam,* 15 Neb., 642, it was held that
the finding of facts by a court where a jury is waived need
not be more specific than would be required of the verdict
of a jury.

In decrees of foreclosure and sale the form for many
years has been, after finding that the defendants executed
the mortgage, that it was duly recorded, and the condi-
tions of defeasance had been broken, to say : It is there-
fore considered that unless the defendants shall within ——
days pay, etc. Such form is not appropriate in an action
at law, yet we cannot hold that it is void. The judgment
in the case at bar determines the amount due from the
defendant to the plaintiff, and requires him to pay the
same; and this, though informal, in a collateral proceeding,
we must hold, under the definition of a judgment given by
the code, to be a judgment. It follows that the judgment
of the district court must be reversed and the cause re-
manded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.