E. P. Holdridge, Respondent, v. J. W. Marsh, Appellant.

### St. Louis Court of Appeals, April 10, 1888.

1. Foreign Judgment—Testimony in Aid of Authentication.—In a suit on a judgment rendered in another state, the deposition of the justice who rendered it is competent for the purpose of showing that the exemplification of the judgment record is in due form, and valid according to the laws of his state.

2. ——— Personal Jurisdiction—Evidence.—Where the defendant puts in issue the acquisition by the foreign court of jurisdiction over his person, it is prejudical error to admit in evidence copies of papers filed with the original record, which have a tendency to show that he appeared by attorney.

Appeal from the St. Louis Circuit Court, Hon. George W. Lubke, Judge.

*Reversed and remanded.*

J. W. Collins, for the appellant : The alleged judgment upon which this suit is brought is not a legal or valid judgment. It is only a skeleton memorandum, and not such a record of a judgment as the law will recognize, or upon which a suit can be based. *Wheeler v. Scott*, 3 Wis. 262; *Martin v. Barnhardt*, 39 Ill. 12; *Falk v. Kellmus*, 54 Ill. 189; *Wright v. Fletcher*, 12 Vt. 431; *McNamara v. Caban*, 33 N. W. Rep. 259; *Reeside v. Walker*, 11 How. 287; *Lewis v. Watrus*, 7 Neb. 479; *Taylor v. Runyan*, 3 Clarke (Ia.) 475; Freeman on Judgments, sec. 2. The court erred in permitting respondent to introduce incompetent and illegal evidence; by allowing the deposition of justice Norton and exhibit A, attached thereto, to be read; by permitting the alleged judgment to be read; by permitting respondent to introduce evidence as to issues not presented in the case, and to go back of the judgment sued on, and introduce evidence pertaining to the merits of the original

case on which the judgment in suit was based. Story's Conflict of Laws, 828 ; *Wright v. Fletcher*, 12 Vt. 431 ; *Taylor v. Bryden*, 8 Johns. 173 ; *Glass v. Blackwell*, 2 S. W. Rep. 257.

FRANK M. ESTES, for the respondent : The district court in New York had jurisdiction in the case of *Holdridge v. Marsh*. The judgment is regular in form and according to the laws of New York governing district courts. A foreign judgment is *prima-facie* evidence of a debt, and that everything was done in the court in which it was obtained that was necessary to support it, and it is conclusive *inter partes* when there is nothing on the face of the judgment which a court can inquire into.

ROMBAUER, P. J., delivered the opinion of the court.

This is a suit for a balance upon a judgment recovered by plaintiff against the defendant before the district court of the City of New York for the first judicial district. The action was instituted before a justice of the peace, where plaintiff had judgment. Upon trial anew in the circuit court, the plaintiff recovered judgment again. The defendant appealing assigns for errors the admission of incompetent testimony and the giving of erroneous instructions.

The defendant by a written plea made a number of special defences, but no evidence was offered in their support upon the trial, with the exception of the defence that the district court of New York had no jurisdiction of the person of the defendant, either by service of process or by appearance.

There is nothing in the record to show that the court rendering the judgment was a court of limited jurisdiction. The deposition of the justice who rendered the judgment was given in evidence by plaintiff, who stated that the case was tried upon the merits before him, both parties appearing by counsel, and that the judgment

rendered by him was regular in form according to the law of the state of New York; that no appeal had been taken therefrom, and that the time for taking the appeal had expired.

The justice annexed to his deposition as part thereof the following exhibit purporting to be a memorandum of the judgment rendered by him:

"55,285, District Court in the City of New York for the First Judicial District.

"Holdridge  Claim $250. Ret. the 28th day of April, vs. 1885, at 9:30 a. m. Plaintiff appeared by "Marsh. L. L. Settle; complaint, salary, $150, commissions, $100. Defendant appeared; makes objections; overruled. Answer G. D. B. of P. Adjourned to May 1. Judgment for plaintiff for damages, $200; costs, $6; extra costs, $12. Dated this first day of May, 1885.

"[Signed]        MICHAEL NORTON, Justice."

An exemplified copy of the judgment roll was then offered in evidence, containing a copy of all the original papers in the suit of Holdridge vs. Marsh, in said district court, containing the following transcript of the judgment entry: "Edgar P. Holdridge, Plaintiff, vs. John W. Marsh, Defendant. Judgment rendered for plaintiff on the first day of May, 1885, against defendant, costs and extra costs $200 & 18. $218.00."

"City and County of New York. I certify the preceding to be a correct transcript of the judgment rendered in the above entitled cause.

"LUCIUS C. BRUNS, Clerk.

"New York, February 3, 1886."

The exemplification thus offered was duly certified to according to the laws of the United States in relation to the authentication of records and judicial proceedings, under the signature of the judge and the hand and seal of the clerk.

Objections were interposed by the defendant, both to the testimony of the justice and the exemplified copy of the record, and were overruled. There was no error

in this. The justice was a competent witness to prove the laws of his own state, and there is nothing in the record to disprove his statement that a judgment in the terms given is a valid judgment and regular in form, according to the laws of the state of New York. In that respect the case is distinguishable from *Wheeler v. Scott*, 3 Wis. 362, and *Martin v. Barnhardt*, 39 Ill. 12, which were direct proceedings on appeal, and where the court held that the language employed did not evidence a final judgment.

Freeman on Judgments (sec. 47), holds that if a judgment appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligent language the relief granted, its claim to confidence will not be lessened by want of technical form, nor by the absence of language deemed specially appropriate to formal judicial records. This language is quoted with approval in *Lewis v. Watrus*, 7 Neb. 479, where a judgment in this form: "Judgment decreed in favor of plaintiff in the sum of, principal, $174.70, interest 85 cents. Judgment $175.55, and costs $9.30," was upheld as a valid final judgment, even in a direct proceeding on appeal.

It appears that annexed to the exemplification of the record were certain papers used in the proceedings had before the justice of the district court in New York. These consisted of copies of letters, of express company receipts, of a telegram, and of a notice purporting to have been given by plaintiffs to defendant's attorneys in New York, requesting him to produce at the trial in the district court, certain books of account, letters, telegrams, etc.

When these copies were offered in evidence the defendant's counsel objected on the ground that they were irrelevant and incompetent; that they were merely evidence used in the case in New York and could not be used to establish a judgment, or as part of the record roll in New York. The court overruled this objection, stating that they were part of the exemplification as

exhibits and may be read in evidence; to which ruling defendant excepted.

This ruling of the court was error. It is not now apparent how, on any principle, the copy of a paper is legal evidence for any purpose when the original is not evidence. These papers were not judicial records in contemplation of the act of congress. The fact that they were on file in the district court of New York City could not make them any more competent than if they had been on file in any of our courts. Neither of them had any tendency to establish the only fact in controversy, whether a valid judgment had been rendered against the defendant in New York, upon a valid service of summons upon him to appear there, or else proof of his voluntary appearance there, either in person or by attorney.

On the other hand the admission of this evidence was clearly prejudicial to the defendant. The exemplified record discloses the fact that the judgment against him was rendered in New York without personal service of summons. The record recites that he appeared by attorney. He testified that the appearance of any attorney for him was unauthorized and fraudulent, which, under the latest decisions in this state, he may do, and thus attack the validity of the judgment notwithstanding the recitals of the record to the contrary. *Eager v. Stover*, 59 Mo. 87; *Napton v. Leaton*, 71 Mo. 358, 367. The only issue submitted to the jury by instructions was the question whether he did or did not appear by attorney. This being the only contention and the recitals in the record being contradicted by the defendant's evidence, the admission of papers incompetent as evidence, and irrelevant to the issues, one of which purports to be a copy served upon his attorney in that case, was likely to affect the determination of the jury on the vital issue of the case.

We see no error in other parts of the record, but for error in admitting this evidence the judgment must be reversed and the cause remanded. So ordered. All concur.