BRICE BLACK, PLAINTIFF IN ERROR, V. ANTON CABON, DEFENDANT IN ERROR.

Judgment in County Court. In an action in the county court on a promissory note, where the sum claimed was less than $200, judgment was rendered as follows: "It is the opinion of the court that Anton Cabon is indebted to the plaintiff in the sum of $117.90, and attorney's fee. It is therefore considered by me and adjudged that the plaintiff have and recover from the defendant, Anton Cabon, the sum of $117.90 and $3.46 attorney fees, together with the costs of this suit, $4.25.—J. B. SHAROT, Co. Judge." *Held,* That the judgment was not void, and that the district court erred in striking the transcript from the files.

ERROR to the district court for Pierce county. Tried below before TIFFANY, J.

*E. P. Weatherby* and *J. R. Webster,* for plaintiff in error, cited: *Lewis v. Watrus,* 7 Neb., 477. *Ransdell & Reed v. Putnam,* 15 Neb., 642. *Ordinary v. McClure,* 1 Bailey, 7. *Barrett v. Garragan,* 16 Iowa, 47. Freeman on Judgments, Secs. 47, 50, 51, 52.

No appearance for defendant in error.

BY THE COURT.

The plaintiff brought an action in the county court of Pierce county upon a promissory note. The docket entry of the trial is as follows:

"January 15, 10 o'clock A.M., in 1884, the plaintiff, by his attorney, E. P. Weatherby, appeared; no appearance on the part of the defendant; cause continued for one hour, at which time, there still being no appearance on the part of the defendant, case called at request of plaintiff; E. P. Weatherby sworn; after hearing the evidence and

the note on file, it is the opinion of the court that Anton Cabon is indebted to the plaintiff in the sum of $117.90, and attorney's fee.    It is therefore considered by me and adjudged that the plaintiff have and recover from the defendant, Anton Cabon, the sum of $117.90, and $3.46 attorney's fees, together with the costs of this suit, $4.25.

"J. B. SHAROT,

" Co. Judge."

"January 19, 1884, E. P. Weatherby appeared and demanded an execution issue on above judgment; execution issued of this date and delivered to E. P. Weatherby.

" J. B. SHAROT,

" Co. Judge."

A transcript of the judgment was filed in the district court and an execution issued thereon, and levied upon certain real estate, the sale of which was enjoined.    The attorneys for the defendant thereupon filed a motion as follows:

"Now comes the defendant herein and moves the court here to quash the execution issued in this case on the 29th day of January, A.D. 1885, and all proceedings had by and under the same, and to strike the transcript heretofore filed in this case from the files of this court, for the following reasons, to-wit :

" 1st.    That there is no finding of facts by the court by which the above entitled cause was tried to sustain the pretended judgment of said court.

" 2d.    That there is no judgment rendered and entered in the above entitled cause by the county court of Pierce county, Nebraska.

" 3d.    That the district court of Pierce county, Nebraska, has no jurisdiction of this case."

This motion was sustained, and the transcript stricken from the files.    In this we think the court erred.    The judgment, although informal, is not void.    The question was before this court in *Marsh v. Synder*, 14 Neb., 8.    In that case the judgment was:    "I hereby render judgment

against plaintiffs for costs herein.    Judgment rendered against plaintiffs for costs." *Crowell v. Johnson,* 2 Neb., 155.    *Vangeazel v. Hillyard,* 1 Houston (Del.), 515.

In *McNamara & Duncan v. Cabon,* 21 Neb., 589, the identical question now involved was presented to the court, and the judgment was held to be irregular, but not void.    *Lewis v. Watrus,* 7 Neb., 477.    *Taylor v. Runyan,* 3 Clarke, (Ia.), 474.    *Minkhart v. Hankler,* 19 Ill., 47. *Fish v. Emerson,* 44 N. Y., 376.    *Ransdell v. Putnam,* 15 Neb., 642.    The motion to dismiss should have been overruled.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.