MARYOTT & MCHURRON v. LEVI F. GARDNER.

FILED JANUARY 8, 1897. No. 6969.

1. **Judgment Without Finding.** A judgment that is not based on a finding, either general or special, is erroneous, though not for that reason void.

2. **Review:** RETAINING CASE FOR TRIAL. Where a judgment of a county court is reversed by a district court in a proceeding in error, the district court may retain such cause for trial.

ERROR from the district court of Thurston county. Tried below before NORRIS, J. *Affirmed.*

*Guy T. Graves* and *Jay & Beck,* for plaintiffs in error.

*John T. Cathers* and *J. M. Curry, contra.*

RAGAN, C.

Maryott & McHurron recovered judgment in the county court of Thurston county against Levi F. Gardner. From this judgment Gardner prosecuted an error proceeding to the district court, where the judgment of the county court was reversed. To reverse the judgment of the district court Maryott & McHurron prosecute a petition in error here.

1. Gardner, in his petition in error filed in the district court, alleged that the judgment of the county court was erroneous for several reasons,—among others, that no finding of fact was made by the county court or a jury on which the judgment of said court was based. We shall assume that the district court reversed the judgment of the county court on this ground and proceed to the consideration of the question whether it erred in so doing. The transcript of the proceedings had in the county court, certified to the district court, contained the following: "1 o'clock P. M. Case called. Plaintiff appeared and waived a jury. Defendant refuses to appear further. Said case was submitted to the court. H. L.

Maryott was sworn in behalf of the plaintiff and testified that there is due the plaintiff, and wholly unpaid, the sum of $790.47. It is therefore considered by me that the plaintiff have and recover of the defendant the sum of $790.47, with interest from July 1, 1893, and costs of suit, taxed at $13.40." Section 297 of the Code of Civil Procedure provides: "Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding except generally for the plaintiff or defendant," etc. It will be seen that the county court made no finding in favor of the plaintiffs in whose favor it awarded a judgment; and a judgment that is not based on a finding, either general or special, is erroneous. (*Sprick v. Washington County*, 3 Neb., 253.) In *Ransdell v. Putnam*, 15 Neb., 642, it was held: "When an action at law is tried to a court without a jury, the finding of fact by such court is a substitute for, and stands in lieu of, a verdict of a jury, and need be no more specific than the verdict of a jury upon the same pleadings and evidence." In *Foster v. Devinney*, 28 Neb., 416, it was held that a finding of the facts put in issue must be made by the trier thereof in order to sustain a judgment rendered in favor of one of the parties. To the same effect see *Rhodes v. Rhodes*, 31 Neb., 848.

Counsel for plaintiff in error insist that notwithstanding the failure of the county court to make either a general or special finding, its judgment was not void. We entirely agree with that contention. (*McNamara v. Cabon*, 21 Neb., 589; *Black v. Cabon*, 24 Neb., 248; *Coad v. Read*, 48 Neb., 40.) The judgment of the county court under consideration is not void, but it is erroneous, and therefore voidable in this, a direct proceeding to set it aside. We must not be understood as holding that a judgment that is not based on a finding is void and would not be given full effect in a collateral proceeding. It must also be remembered that we are not reviewing the judgment of the county court, but the judgment of the district court reversing the judgment of the county

court because not based upon a finding, and we simply hold that in so doing the district court was right.

2. The judgment of the district court was as follows: "It is therefore considered by the court that said judgment be, and the same is hereby, reversed at the costs to the present time of defendants in error, and it is ordered that said cause be retained for trial and judgment; pleadings to be filed as in case of appeal." It is now argued that this judgment of the district court is erroneous, as it is insisted that the jurisdiction of the district court went no further than to reverse the judgment of the county court and remand the cause to that court for further proceedings. Section 601 of the Code of Civil Procedure is as follows: "When the proceedings of a justice of the peace are taken on error to the district court, * * * and the judgment of such justice shall be reversed or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause shall be retained by the court for trial and final judgment as in cases of appeal." The statute does not expressly provide that in case an error proceeding is prosecuted to a district court from a county court and the judgment of the latter reversed, the district court may retain the case for trial; nor is there any provision of the statute requiring such case to be remanded; but section 26, chapter 20, Compiled Statutes, provides: "In civil actions brought under the provisions of this chapter [probate courts] either party may appeal from the judgment of the probate court or prosecute a petition in error, in the same manner as provided by law in cases tried and determined by justices of the peace." Construing these two statutes together, we think that where a judgment of a county court is reversed by a district court in a proceeding in error the district court may retain such cause for trial. There is no error in the record and the judgment of the district court is

AFFIRMED.