ALICE E. BLAIR, ADMINISTRATRIX, APPELLEE, v. KINGMAN
IMPLEMENT COMPANY, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,606.

1. **Judgment: CONCLUSIVENESS: REFORMATION OF INSTRUMENTS.** Where
an action was instituted in the district court for the reformation
of a memorandum of contract, and the trial resulted in a decree
reforming the instrument, the decree being subsequently affirmed
on appeal to the supreme court, the memorandum as thus re-
formed will, in an action thereon, be taken as the true agreement
between the parties, and conclusive.

2. **Evidence: ADMISSIBILITY: JUDGMENT: JOURNAL ENTRIES.** In such
case, where the admissions of the answer as to the fact of the
reformation of the written agreement are indefinite, it is com-
petent for the plaintiff to introduce, and the court to receive, the
decree of reformation as the evidence of the fact. And the find-
ings of the court in so far as they are necessary to sustain the
decree and which are contained in one journal entry may also be
read to the jury.

3. ——: ——: **PLEADINGS.** Where a defendant in its answer al-
leges as defensive matter that an appeal to the supreme court
was taken from the decree reforming a contract, but contained
nothing as to the action of that court on such appeal, and the
plaintiff replied admitting the appeal, but alleged that the decree
of the district court had been affirmed by the supreme court,
there was no error in permitting the introduction of the mandate
of the supreme court, during the presentation of plaintiff's evi-
dence in chief, showing such affirmance, the fact of the appeal
having been admitted and thereby conclusively established by
the pleadings.

4. **Witnesses: IMPEACHMENT: ADMISSIONS AGAINST INTEREST.** Ordi-
narily when a party to the action on trial takes the stand as a
witness in his own behalf he is entitled to no less and no
greater rights than any other witness. If the design on cross-
examination is to lay a foundation for impeachment by proof
that he has previously made other or different statements,
material to the case, his attention should be called to the state-
ments by which his testimony is sought to be contradicted.
Practically the same rule should be applied if it is sought to
prove by him, on such cross-examination, admissions against his
interest. There is no error in sustaining an objection to a ques-
tion asking if it is not a fact that during the litigation the wit-
ness has given under oath four different versions of the contract,

which he claims he has made with defendant on a date prior to its reformation, without specifying any of the "different versions." The rule will be applied with the greater force since all questions as to the terms and conditions of the contract are foreclosed by the final decree of reformation.

5. Trial: REQUEST FOR INSTRUCTIONS: REVIEW. Where instructions to the trial jury given by the court on its own motion, and those requested by defendant, are compared, and it is found that those given by the court include in substance those requested and refused, a reviewing court will not further pursue an investigation as to the correctness of those refused.

6. Appeal: EVIDENCE: SUFFICIENCY. The evidence, though not set out in the opinion, is examined and found sufficient to sustain the verdict returned by the jury.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Smyth, Smith & Schall,* for appellant.

*T. J. Mahoney* and *J. A. C. Kennedy, contra.*

REESE, C. J.

This action was commenced in the district court for Douglas county. The plaintiff alleged in his petition that defendant was a corporation dealing in agricultural implements and machinery at wholesale; that on or about the 9th day of September, 1902, plaintiff and defendant entered into a contract of employment whereby defendant employed plaintiff for a term of three years beginning on the 1st day of November, 1902, and ending on the 1st day of November, 1905, the agreed salary to be $2,600 for the first year of the employment, $2,800 for the second year, and $3,000 for the third year, payable bi-weekly; that a written memorandum of contract was finally signed by the parties, but which did not contain the true agreement; that about the 15th day of March, 1907, in an action then pending in the district court for Douglas county, the contract was, by a decree of said court, duly reformed so as to state the true agreement of the parties, and which con-

tract as reformed is set out at length in the petition, and is as follows: "Employment Contract. Memorandum agreement made and entered into this 31st day of October, A. D. 1902, by and between Kingman Implement Company (a corporation duly organized under the laws of Illinois), party of the first part, and C. S. Blair of Omaha, Neb., party of the second part, Witnesseth: That the said Kingman Implement Company does hereby employ the said party of the second part for a term beginning November 1, 1902, and ending November 1, 1905, as manager of the wholesale implement establishment of said party of the first part, located in the city of Omaha, Nebraska, at a salary of $2,600 for the first year; $2,800 for the second year, and $3,000 for the third year, payable bi-weekly. Kingman Implement Company to pay all necessary traveling and hotel expenses of said party of the second part while he is on the road, no charge for expenses to be made when at home, unless otherwise agreed in writing. In consideration of the foregoing, said party of the second part agrees to give his entire time and best services to the business entrusted to him, and will at all times further the interests of said Kingman Implement Company to the best of his ability, and will not engage in any other business during the existence of this contract, unless by the written consent of Kingman Implement Company. It is fully understood and agreed that if, through sickness or accident, the party of the second part is disabled from attending to the discharge of the duties of his said employment, the said Kingman Implement Company have the option, at any time, to terminate this agreement by giving the said party of the second part ten days' notice. The said party of the second part agrees at the termination of this contract, either by limitation or cancelation, to turn over to Kingman Implement Company all property of whatsoever kind in his possession belonging to said Kingman Implement Company, and also agrees that all money, promissory notes or valuable papers belonging to said Kingman Implement Company that may be in his

possession at any time shall be considered a fiduciary trust. Kingman Implement Company, By M. Kingman, Pt. C. S. Blair." It is further alleged that plaintiff entered upon the performance of the contract and rendered services thereunder until on or about the 17th day of December, 1903, when defendant, in violation of the contract, wrongfully broke and terminated the same; and refused to permit plaintiff to carry out its provisions on his part, and thereafter refused to allow plaintiff to render the services therein provided for, to plaintiff's damage, etc. Judgment is demanded for the unpaid portion of the salary agreed upon, amounting to the sum of $5,385, with interest.

Defendant answered, admitting its corporate existence and the contract of employment at the salary named, but denying all other averments of the petition. It is alleged that the pretended discharge of plaintiff was by the Kingman Plow Company, and not by defendant; that thereafter plaintiff brought an action against defendant in the county court of Douglas county for a partial payment due upon the contract set out in the petition, alleging its violation by defendant, to which defendant answered; and, upon trial of said cause being had, judgment was rendered in favor of defendant and against plaintiff, and that the questions involved were thereby adjudicated and a bar to plaintiff's recovery in this suit. It is further alleged, in substance, that the decree rendered in plaintiff's favor reforming the contract between the parties was appealed by defendant to the supreme court, but that plaintiff had instituted this action before the expiration of the time allowed by law in which defendant should perfect its appeal and procure a hearing and decision thereon. It is also alleged that plaintiff "did not give his best services to the business entrusted to him and did not further the interests of the defendant to the best of his ability while in the employ of this defendant under the contract set out in said petition"; that he had been in defendant's employ about two and a half years prior to the making of the con-

tract, and that he had thereafter allowed and permitted a
great falling off of the business, he being the manager in
charge thereof, and which depreciation in business was
due solely to the incompetence of plaintiff, and to the fact
that he did not give his best services to the business en-
trusted to him, and did not further defendant's interests
to the best of his ability; that he had disobeyed the orders
of defendant in many particulars, in failing to reduce the
amount of indebtedness due defendant from its customers,
and in refusing to reduce the quantity of stock carried, or
to press defendant's business vigorously and efficiently,
whereby defendant suffered loss and its business was
greatly injured and impaired. The facts whereby defend-
ant claims to have been injured by the failures of plaintiff
to comply with his contract are stated in detail in the
answer, but which need not be set out here. It is averred
that after the date upon which plaintiff alleges he was
discharged he took service with another company for about
six months at the wage of $100 a month, and for an addi-
tional six months at $125 a month, as well as for other
employers at a later date. For reply plaintiff denied all
unadmitted averments of the answer, and alleged that he
appealed from the judgment of the county court (referred
to in defendant's answer) to the district court, by which
the judgment was vacated, and that defendant's appeal
from the decree reforming the contract between the parties
had been heard and decided by the supreme court and that
said decree had been in all things affirmed. A jury trial
was had in the district court resulting in a verdict in favor
of plaintiff, upon which, after a motion for a new trial had
been filed and overruled, a judgment was entered. De-
fendant appeals.

Since the taking of this appeal plaintiff has died, and,
by agreement of counsel, the cause has been revived in the
name of Alice E. Blair, as administratrix of his estate.

The decision of this court, in an opinion written by
Commissioner CALKINS, is reported in 82 Neb. 344, and
must be accepted as finally disposing of the merits of the

suit to reform the contract between plaintiff and defendant, and the memorandum of the contract as thus reformed must be taken as the true expression of the agreement. This being true, the court is relieved from any investigation into that question.

At the commencement of the trial plaintiff introduced in evidence the decree of the district court reforming the contract. This was objected to "as being incompetent, irrelevant and immaterial." The objection was overruled and the record of the decree was read to the jury over the exceptions of defendant. At the conclusion of the reading of the record defendant moved "to strike out of the record all that part of the said decree which has just been read, except that part which sets forth the contract as reformed, as immaterial, and incompetent, and in no way tending to support the issues in this case." The motion was overruled and exception taken. These two rulings of the district court are here complained of and are insisted upon as being prejudicially erroneous. By reference to the pleadings it is found that the contract as reformed by the district court is set out at length in the petition. This is preceded by a statement of the facts leading up to that decree, such as the making of the oral contract of September 9, 1902, and the subsequent execution of the written memorandum of agreement, but which failed to contain the contract as agreed upon. The answer admits the making of the contract of September 9, as alleged in the petition, but denies all other allegations. By this denial and by affirmative allegations the discharge of plaintiff by defendant is put in issue. The fourth paragraph of the answer is not entirely clear to the mind of the writer as to whether it is intended as an admission or an averment of defensive matter. It is as follows: "That afterward, and on or about the 15th day of March, 1907, in a certain action then and there pending in this court, in which the plaintiff herein was plaintiff and the defendant herein was defendant, and after the joining of issues between the plaintiff and defendant and the trial of said action, a de-

cree was entered by this court between the plaintiff and defendant, adjudging and decreeing that the plaintiff and defendant, upon the 31st day of October, 1902, made the contract embodied in the fourth paragraph of said petition; that after said decree was entered, and on or about the 19th day of June, 1907, the defendant appealed from said last mentioned decree to the supreme court of the state of Nebraska, and on or about said date docketed said appeal in said last mentioned court, but that within the time allowed to this defendant to appeal from said decree to the said supreme court the plaintiff commenced this action."

Both the petition and decree refer to the contract of September 9 as the true statement of the agreement between the parties. The decree does not refer to any contract made October 31, 1902, but reforms the memorandum of that date so as to render it in conformity with the contract of September. The answer refers to the October date, reciting that it was adjudged and decreed "that the plaintiff and defendant, upon the 31st day of October, 1902, made the contract embodied in the fourth paragraph of said petition." But the answer goes on and recites that after the decree was rendered the defendant appealed the cause to the supreme court, etc., which was clearly not an admission of any averment in the petition, but must have been intended as affirmative defensive matter. It is contended that no part of the decree should have been received in evidence, for the reason that the answer admitted the reformation and existence of the reformed agreement as embodied in the petition. Had the answer been a specific admission of the reformation of the memorandum to agree with the contract of September 9, there might have been more force in the argument that the introduction of the record was unnecessary, although, even then, not prejudicial. However, the answer left it in doubt as to the true intention of the pleader, and prudence would suggest the making of the proof. There was no error in its admission.

But it is urged that the court erred in not striking out

the findings of the trial court, or, in other words, striking out all except the decretal order. The record of the decree is contained in one entry which includes the findings of fact by the court as well as the judgment. It is not contended that the findings were not within the issues of the cause then decided, nor that they were not properly a part of the entry, but that it was not necessary that they should be read, as they were not in issue, and for the further reason that they had a discrediting effect upon defendant and its witnesses. As the decree was all in one entry and the findings were a part of that record and decree, we are unable to see how they could have had any prejudicial effect, even if not necessarily a part of plaintiff's proofs. We are also unable to find anything in that record which reflects upon defendant or its witnesses more than that portion which might be referred to as the decree itself, which is the result of the findings. Without the findings the judgment would have been erroneous and open to attack in a direct proceeding, though not collaterally. *Kirkwood v. First Nat. Bank,* 40 Neb. 484; *Kirkwood v. Exchange Nat. Bank,* 40 Neb. 497; *Maryott & McHurron v. Gardner,* 50 Neb. 320.

After the introduction of the decree, plaintiff offered in evidence the mandate of the supreme court showing the affirmance of the decree reforming the contract. Objection was made on the grounds of incompetency, irrelevancy, and immateriality. The objection being overruled, defendant excepted, and now assigns the ruling for error. We can observe no error in this. In his petition plaintiff alleged the reformation of the memorandum of agreement, and founded his suit on the reformed instrument. Defendant admitted the rendition of a decree, but alleged that it had appealed therefrom. Plaintiff admitted the appeal, but alleged the affirmance of the decree. This was in the nature of a plea of confession and avoidance—a confession of the appeal, but the avoidance of the effect thereof by averring the affirmance of the decree. Under this issue the fact of the appeal was admitted, and it rested with

plaintiff to show by competent evidence that the case had been finally disposed of. The mandate furnished the proper proof of the fact. It was also proper for the mandate to be received in evidence while plaintiff was making his case in chief, and not to withhold it for rebuttal, for no proof on the part of defendant was necessary to establish the admitted fact of the appeal. It stood as already established. However, were it otherwise, the mere fact that the evidence was introduced out of its order would not be necessarily prejudicial.

The plaintiff, Mr. Blair, was a witness in his own behalf, and detailed the transactions between defendant and himself. On cross-examination he was asked the following question: "Is it not a fact, Mr. Blair, that during this litigation you have given under oath four different versions of the contract which you claim you made with Mr. Kingman in the Paxton Hotel in September, 1902?" The question was objected to and the objection sustained over defendant's exception. The ruling is assigned for error. The question, if not objectionable on other grounds, was too general. If such inquiry were competent for the purpose of impeachment, the proper foundation had not been laid. If it was designed to prove by the witness, on the cross-examination, statements made by him against his interest or different from his testimony then given, his attention should have been called to them. But, aside from this, all questions as to the making of the original contract had been settled by the previous litigation and all "versions of the contract" had been disposed of.

A number of instructions to the jury were presented by defendant, with the request that they be given, but which were refused. Upon a comparison of these instructions with those given by the court upon its own motion, we find that they were all given in substance, and some in practically the same language. To copy the instructions given and refused would extend this opinion to an unreasonable length without corresponding benefits. It must be enough to say that we have considered all instructions with care,

and find that the law of the case has been fully and fairly stated, and we can detect no prejudicial error in that behalf.

It is next contended that the verdict is not sustained by sufficient evidence. We have carefully studied the bill of exceptions, and cannot say that the verdict of the jury should, for the reason assigned, be overturned. The bill of exceptions consists of a large volume, and no effort will be made to set out its tenor or effect. On the controlling features of the case there is a clear conflict in the evidence, but, to a large degree, that conflict is more in the conclusions of the parties and witnesses than in the facts stated by them. It is made to appear with sufficient clearness that in the last year of plaintiff's service there was a falling off in the volume of business, but the question of whether that fact was owing to any failure on the part of plaintiff to comply with the contract as finally established was for the jury to determine.

We find no error that calls for a reversal of the judgment, and it is therefore

AFFIRMED.