WILLIAM T. KNOOP *vs.* STATE BOARD OF HEALTH.

JANUARY 11, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Baker, Vincent, and Stearns, JJ.

*(1)    State Board of Health.    Certiorari.    Appeal.*

Where no exceptional case of hardship is presented to warrant a review by certiorari, the remedy of a petitioner whose license to practice medicine has been revoked by the State Board of Health, without proper or adequate evidence for such action, is by appeal under the provisions of Gen. Laws, 1909, cap. 193.

36

*(2)    Certiorari.   Transcript.*

A transcript of testimony taken in proceedings before the State Board of
Health, used by the parties in a hearing upon a petition for writ of
certiorari, will be referred to by the court relative to the evidence
produced before the Board.

*(3)    Certiorari.   Appeal.   Practice of Medicine.*

Where an appeal is provided from the decision of the State Board of
Health revoking a license to practice medicine, the court cannot review
by certiorari the question of the adequacy of the evidence.

*(4)    Certiorari.   Appeal.   Practice of Medicine.*

Where an appeal from the decision of the State Board of Health revoking
a license to practice medicine vacates the proceedings before the Board,
bringing the case before the court for a trial on the merits *de novo*,
the fact that such trial may impose some additional expense on the
petitioner does not differentiate it from the ordinary case of an appeal
from the decision of an inferior tribunal and does not warrant certiorari
proceedings.

CERTIORARI.   Heard on motion to dismiss writ and
granted.

STEARNS, J.  This is a petition for a writ of certiorari
for the purpose of quashing a record setting out the
action of the members of the State Board of Health,
whereby the certificate authorizing the petitioner to prac-
tice medicine and surgery in this state was revoked on
the finding of said board that the petitioner had been
guilty of gross unprofessional conduct and conduct mak-
ing him an unfit person to practice medicine in this state.
The writ was issued and on the return day thereof the
respondents appeared and moved to dismiss the petition
on the ground that the petitioner had a complete and
adequate remedy at law under the provisions of Chapter
193, Section 5, General Laws of R. I. (1909), without the
aid of a writ of certiorari.

After the issuance of this writ of certiorari and before
the return day thereof, the petitioner took an appeal
under the provisions of said Chapter 193 from the deci-·
sion of the Board of Health to this court, which appeal
is now pending in this court.  At the hearing before this

court, decision of the motion to dismiss was reserved by the court for further consideration, and the motion and petition were heard together.

From the allegations of the petition it appears that the petitioner is a physician and surgeon in this state who is authorized to practice medicine under a certificate issued by the State Board of Health; that on October 29, 1917, said board served notice on him to appear before the board on November 1, 1917, and show cause why his certificate should not be revoked. The charges contained in the notice were general in their character and followed the language of the statute. On or about November 1, 1917, the board gave the petitioner a bill of particulars in which it was alleged that the petitioner had been dispensing and distributing narcotic drugs in violation of a specific law of the United States, the so-called " Harrison Act," and further that on May 19, 1917, the petitioner in the United States District Court for the District of Rhode Island had pleaded *nolo contendere* to an indictment found against him for violation of said act of Congress and thereupon had been sentenced to pay a fine of $100. Also that the petitioner had violated provisions of Chapter 178, Section 14, General Laws of R. I. (1909), by illegally prescribing various narcotic drugs, *etc.* The petitioner appeared before the board in response to said order on the 1st, 15th and 27th days of November and it is alleged in the petition that the only evidence adduced before or by the board was the record of the indictment of the petitioner above referred to, and that the board revoked the certificate which authorized the petitioner to practice medicine on December 20, 1917. The petitioner further alleges that there was no competent or legal evidence sufficient to support the decision of the board and that consequently the board was wholly without lawful authority and jurisdiction to revoke the aforesaid certificate.

The first question in this case arises on the motion of the respondents to dismiss the petition.

(1.)     In the recent case of *Parker* v. *Superior Court* (R. I., March 30, 1917), 100 Atl. R. 305, it was held that certiorari is a prerogative writ and its issuance and the relief to be granted under it are discretionary and that ordinarily certiorari will lie only to correct final determinations and where no other remedy is expressly provided, citing *Cohen* v. *Superior Court,* 39 R. I. 272, and *Hyde* v. *Superior Court,* 28 R. I. 204.

In his brief the petitioner states that he " brings his petition for a writ of certiorari solely because the remedy which is open to him by way of appeal is utterly inadequate " because not only would he have to bear the burden of the cost of an appeal, but he must be without compensation and redress for what he styles the wrongful and summary procedure of the State Board of Health and that his situation presents just such a case of unusual hardship as should appeal to the discretionary powers of this court for relief by certiorari.

In *State Board of Health* v. *Roy,* 22 R. I. 538, which was a case on appeal from the decision of the State Board of Health revoking the certificate of a physician, and was heard on a motion to quash the proceedings, among other grounds it was urged that the board never found the charges against the defendant, nor any of the specifications thereof, to be true and without such finding said board had no authority to pass the vote and order revoking his certificate. The court speaking through Rogers, J., at p. 541 says: " If it be true that the board found no charge against the defendant — an allegation that we are not prepared to admit — that would not justify quashing the proceedings, but would only afford a good reason for the defendant's taking an appeal, just as he has done. Mere errors in proceeding do not afford ground for overthrowing or annulling the whole proceeding, so that an appeal provided to correct

such errors cannot be prosecuted, as would be the case if these proceedings were quashed. See *Maryott* v. *Gardner,* 50 Neb. 320. The appeal vacates the proceedings before the board, so far as results go, and brings the matter up before the Appellate Division, *de novo,* for trial as fully as though it had never been heard before the board, save that the original charge or petition remains as the cause of trial, and save, also, that before it can be so tried before the Appellate Division it must have been brought before the board." Again at p. 543 in regard to the efficacy of the appeal the court says: " The way provided to determine, in the first instance, whether a trial before the Appellate Division of the Supreme Court is desired is speedy and inexpensive. He whose application for a license has been refused, or whose license is proposed to be revoked, can have a judicial trial, without terms or condition, by taking an appeal, which is practically for the asking; and then his case is tried in full before the highest court in the State. If the State Board of Health decides in his favor, he gets all he asks with little trouble and expense. If the decision is not in his favor, he gets, for the asking, a trial before the highest tribunal in the commonwealth. It is difficult to see how his rights could be better protected."

Assuming simply for the purpose of this discussion that the contention of the petitioner is sound, that the record of the indictment above referred to was not proper or adequate evidence to support the decision of the board, we are of the opinion that the appropriate remedy of the petitioner is by appeal and that no such exceptional case of hardship is presented as to warrant a review of the proceedings by certiorari. From the transcript of the testimony taken in the proceedings before the Board of Health, which was used by the parties in the hearing before this court on the motion and petition and to which, as a consequence, we feel at liberty to refer, it appears that there was other evidence in addi-

tion to the record of the indictment produced before the board. The petitioner who was represented by counsel testified under oath in direct examination in answer to questions of his counsel and was cross-examined by counsel for the board. Counsel for the petitioner then offered himself as a witness and testified not only as to the facts in regard to the plea and sentence on the indictment above referred to, but also in regard to certain other facts on which said indictment was found. It is true that the board apparently based its decision on the record of the plea of *nolo contendere* and sentence thereon, nevertheless there was other evidence presented to the board which was relevant to the issue, and in proceedings under the act in question the remedy provided by appeal is simple and adequate; this court can not review by certiorari the question as to the adequacy of the evidence.

As the appeal vacates the proceedings before the board, so far as results go, the case on such appeal comes before this court for a trial on the merits of the case *de novo,* and the fact that such trial may impose some additional expense on the petitioner does not differentiate this case from the ordinary case in which an appeal is taken from the decision of an inferior tribunal which is claimed to be erroneous.

The motion to dismiss is granted and the writ of certiorari is dismissed.

*Waterman & Greenlaw,* for petitioner.

*Edwin J. Tetlow,* of counsel.

*Fred A. Otis,* Third Assistant Attorney-General, for State.