## WILKINSON ET AL. *v.* APPLEGATE.

PLEADING.—*Complaint for Overflowing Lands.—License.—Defence.*—In an action against an adjoining proprietor, to recover damages for overflowing the lands of the plaintiff by means of a ditch constructed by the defendant on his own land, the complaint need not aver that such act of the defendant was wrongful and unlawful or without license ; as the fact that his act was rightful and lawful, or one which he had license to do, is matter of defence.

HOWK, C. J., and NIBLACK, J., dissented.

INSTRUCTION.—*Supreme Court.*—Where, on appeal to the Supreme Court, the evidence is not in the record, the Supreme Court will presume that the instructions to the jury, if not abstractly wrong, were properly given.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

HOWK, C. J.—In this action the appellee sued the appellants, in a complaint of a single paragraph, wherein he alleged, in substance, that he was the owner and in the possession of certain real estate, particularly described, in Hamilton county, Indiana; that, prior to the grievances stated in said complaint, the said real estate was of a most excellent quality, with a highly fertile soil, and in a fine state of cultivation; that the appellants were the owners of a certain tract of land adjoining the appellee's real estate on the north; that the appellants dug, and caused to be dug and constructed, a certain ditch through the appellants' said tract of land, in such a manner as to flow vast quantities of water over and upon the appellee's said real estate, and overflow twenty-five acres thereof and wash the soil off, and cause large ponds of water to stand on said real estate, thereby destroying its fertility, and rendering said real estate of no value whatever; to the appellee's damage in the sum of one thousand dollars, for which, and for other proper relief, he demanded judgment.

The appellants' demurrer to this complaint, for the alleged insufficiency of the facts therein to constitute a cause

of action, was overruled by the court, and to this decision they excepted.

The appellants answered in two paragraphs:

1.   A general denial; and,

2.   License from the former owners of the appellee's real estate, from whom he derived his title, to cut the ditches, and drain and flow the water, as alleged in the complaint.

To the second paragraph of the answer, the appellee replied in two paragraphs. the first being a general denial, and the second being a special reply, which, on the appellants' motion, the court struck out as a departure.

The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of one hundred dollars.

The appellants' motion for a new trial was overruled, and to this ruling they excepted, and judgment was rendered on the verdict.

In this court, the appellants assigned as errors the following decisions of the circuit court:

1.   In overruling the demurrer to appellee's complaint;

2.   In overruling their motion for a new trial.

The appellants' objections to the sufficiency of the complaint are, that it was not alleged that the matters therein stated were done wrongfully and unlawfully by the appellants, or without the appellee's license or express permission.   The majority of this court hold, that these objections are not well taken; that, if the alleged acts of the appellants, complained of by the appellee, were right and lawful, or were done by the appellee's license and express permission, these were matters of defence, to be shown by the appellants in their answer or by their evidence on the trial; and that the complaint was good, on the demurrer thereto for the want of sufficient facts.

The writer does not concur in this opinion.   He believevs

that the appellee should have shown, by the allegations of his complaint, that the acts of the appellants on their own land, complained of by him as having caused injuries to his land, were wrongful and unlawful; and that, for the want of such an allegation, the appellee's complaint was bad, on the demurrer thereto for the want of sufficient facts. In this view of the insufficiency of the complaint, on the appellants' demurrer thereto, NIBLACK, J., concurs.

Among the causes for a new trial, assigned by the appellants in their motion therefor, was alleged error of law committed by the court, in giving the jury instructions numbered six and seven.

The evidence is not in the record. While the instructions complained of were not so full, clear and explicit as we think they ought to have been, yet we are not prepared to say, in the absence of the evidence, that they were erroneous, as mere abstract legal propositions. There is nothing in the record which shows that the court erred in overruling the appellants' motion for a new trial.

The judgment is affirmed, at the appellants' costs.