[No. 6,296.—Department One.]
## FREDERICK BROWNELL v. W. C. FISHER ET AL.

TRESPASS—LICENSE—ANSWER—PLEADING.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fifth District Court, County of San Joaquin. BOOKER, J.

*Terry & McKinne*, and *W. L. Dudley*, for Appellants.

*Byers & Elliott*, and *F. T. Baldwin*, for Respondent.

McKINSTRY, J.:

The action is *trespass quare clausum fregit ;* the defenses, that plaintiff *consented* to the entry and damage done, and that defendants were authorized to do what they did as agents of Swamp Land District No. 110.

The evidence sufficiently shows that the injury complained of was in fact done, and we cannot say that the amount of damages found by the jury was excessive.

The verdict of the jury included a finding that the plaintiff *did not* consent to the entry and damages. The circumstances recited by appellants' counsel from the transcript are not of such convincing weight as to overcome this finding.

The point chiefly relied upon by appellants is, that if the action could be maintained against any person, the Swamp Land District, a corporation duly organized, and not defendants, are liable for damages arising out of the construction of the levy. The answer of the defendants, however, admits that *they* entered upon the plaintiff's lands, and cut down his trees. If they had no authority as agents of the corporation to do this, they were personally responsible. If the corporation had no power to direct it to be done (and it is not pretended that it had, except with the consent of plaintiff), the trustees could not relieve the actual wrong-doers by passing a resolution purporting to authorize it, although they might make themselves personally liable by thus aiding and abetting the trespass.

The admission of the answer above referred to justified the denial of *nonsuit* asked on behalf of defendant Dangers.

The instructions given to the jury of the judge's own motion, and at request of plaintiff, were correct. There was no evidence tending to prove any other than a voluntary consent, without consideration, on the part of plaintiff. The Court properly told the jury that a consent merely voluntary might be withdrawn by plaintiff at any time before the actual entry of defendants.

The refusal of the Court to give the following instructions is alleged to be error:

1. "The jury are instructed, that a swamp land district, organized under the laws of the State, is a corporation; and that if they believe from the evidence that the acts complained of were done by defendants, as trustees of said district, in their official capacity, and in the exercise of their official functions, the corporation is responsible for the damages occasioned by such acts, and the defendants are not responsible as individuals."

2. "If the damages complained of are the result of the act of the Swamp Land District, through its trustees, then the corporation is responsible for such damages, and plaintiff cannot recover in this action."

As we have seen, the answer admits the commission of the acts complained of by defendants. Without the consent of plaintiff, their acts were a trespass, whether committed by defendants with or without the direction of the trustees of the corporation. Neither the corporation nor its trustees, nor any of its employees, had a legal right to commit a trespass.

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.