Coad v. Read.

JOHN F. COAD V. GUY R. C. READ.

FILED APRIL 10, 1896.    No. 6432.

1. **Justice of the Peace: JUDGMENT: SUFFICIENCY OF FINDINGS: AP-
   PEAL.** In an error proceeding in the district court to set aside as
   an entirety a judgment for $125 and interest thereon from a fixed
   anterior date, rendered by a justice of the peace, it is *held* that
   there was sufficient certainty, at least as to the sum of $125, to
   justify the refusal of said district court to grant the relief prayed.

2. ——: ——: ——: ——. Upon the trial of questions of fact
   it is not necessary for the court to state its findings, except gen-
   erally for the plaintiff or defendant, unless there is a request for
   a special finding under the conditions stated in section 297, Code
   of Civil Procedure. It is accordingly *held* that a general finding
   of a justice of the peace for plaintiff is sufficient to sustain a
   judgment as against an attempt to set it aside in the district
   court upon proceedings in error therein brought for that purpose.

ERROR from the district court of Douglas county.
Tried below before FERGUSON, J.

*Martin Langdon,* for plaintiff in error.

*Guy R. C. Read, contra.*

RYAN, C.

This error proceeding, from the district court of Doug-
las county, is prosecuted to reverse a judgment by it ren-
dered sustaining a judgment of a justice of the peace in
favor of the defendant in error against the plaintiff in
error, rendered December 14, 1892.

The first ground urged for the reversal of the judgment
of the justice of the peace presented in the district court
was that the justice of the peace had no jurisdiction of
the defendant, for the reason that there was a defect in
the copy of the summons, which copy was submitted with
the petition in error in the district court. This question
was not presented to the justice of the peace on a motion
to vacate the judgment or otherwise. The alleged copy

of the summons was brought into the record only by a bill of exceptions purporting to have been allowed by the justice of the peace who rendered the judgment complained of, and from this alleged bill of exceptions we are unable to even surmise why there was an attempt to preserve as evidence the aforesaid copy of the summons. If it had been submitted in support of a motion to open the judgment, it is conceivable that it was competent, but it had no such relation to any question presented to the justice of the peace. As it was, this alleged copy of the summons amounted to nothing more than an independent offer of evidence to impeach the judgment rendered by the justice of the peace.

It is insisted that it was erroneous to render on December 14, 1892, a judgment for $125 with seven per cent interest thereon from June 6, 1892, for, it is urged, this was not for a present sum definite. This proceeding was to vacate the entire judgment, and not to review a failure upon motion to correct it. As to the sum of $125 there was sufficient certainty for every purpose. We need not, therefore, consider the question of interest urged as constituting an uncertain matter, for it cannot be suffered to impair the validity of what is certain. The language of the docket entry made by the justice of the peace, it is said, did not contain a finding which would sustain the judgment rendered. His finding was as follows: "This cause coming on for hearing upon the bill of particulars and the evidence was submitted to me, upon consideration whereof I find in favor of the plaintiff." It is provided by section 1000 of the Code of Civil Procedure: "If the defendant fail to appear at the return day of the summons * * * the cause may proceed at the request of the adverse party, and judgment must be given in conformity with the bill of particulars and proofs." This special provision as to proceedings before a justice of the peace seems from the record quoted to have been literally complied with. By section 1085 of the Code of Civil Procedure it is provided that "the provisions of

this Code, which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace." Section 297 of the same Code is in this language: "Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally for the plaintiff or defendant, unless one of the parties requests it," etc.

In *Crossley v. Steele*, 13 Neb., 219, this court held that the judgment then under consideration was voidable because it was without the support of any finding whatever, and the applicability of sections 297 and 1085 of the Code of Civil Procedure to proceedings before justices of the peace was unequivocally recognized. In the same opinion, however, occurred this language: "The necessity of a finding seems to be as great in cases tried before justices of the peace as in cases tried in courts of record. The finding takes the place of the verdict of a jury and shows upon what facts the justice bases his judgment. There must therefore be a finding of facts in all cases tried before a justice of the peace where a jury is waived." This, as will be readily seen, was entirely foreign to the facts involved in the case actually presented and decided. How much value attaches to it by reason of its intrinsic logic will readily appear when we consider separately each step by which was approached the inconsequential result reached by the language above quoted. First, the statute was quoted whereby it was enacted that upon the trials of questions of fact by the court it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant. This provision was next held applicable to justices of the peace, so that in respect to the necessity of a finding to sustain its judgment every court is bound by the same rule. The next step was to give reasons why any finding whatever was necessary, and these were said to be because a finding of the court takes the place of a verdict of a jury and shows upon what facts the court bases his judgment. The con-

clusion finally deduced from this course of reasoning was that the statute requires a special finding of facts to sustain a judgment, whether rendered by a justice of the peace or by the district court. In other words, if there was a mere finding for the defendant generally, this would be an insufficient basis for a judgment, because there was not set out as part of this finding a statement of the facts upon which the court based its judgment. To conform to this rule, the statute should have provided that in the trial of all questions of fact by the court it shall be necessary for the court to state its findings, and that a finding generally for plaintiff or defendant shall be insufficient, and the requirement of a request for a finding should have been omitted. It is not necessary to retrace the several steps by which the illogical result indicated was attained, merely for the purpose of discovering what particular deduction was erroneous, for the language criticised was at most mere *obiter*. Our concern in this matter is solely with a clearly expressed statutory provision whereby it is required only that there shall be a general finding for the plaintiff or for the defendant. As the language quoted from the above cited case exacts more than is required by statute, we have been at some pains to illustrate what might have been done in briefer terms, and that is that this court does not assume to modify unambiguous statutory provisions by judicial construction or rational interpretation. (*Stoppert v. Nierle*, 45 Neb., 105.) Counsel for the plaintiff in error have cited *Sprick v. Washington County*, 3 Neb., 255; *Smith v. Silvis*, 8 Neb., 164, and *Foster v. Devinney*, 28 Neb., 421, in support of the contention that notwithstanding the statute there must, to sustain a judgment, be found specially the facts upon which the judgment is predicated. In neither of these cases was there a finding of any kind; hence, tested by this express provision of the statute, there was lacking a general finding for the plaintiff or defendant. As pointed out by counsel for the defendant in error, the views which we have just expressed were

recognized as correct in *Haller v. Blaco*, 14 Neb., 195; *Degering v. Flick*, 14 Neb., 448, and *Dye v. Russell*, 24 Neb., 829.

There is a line of cases not relied upon by either party which has been understood to countenance the rule that a finding, to sustain a judgment, must be as specific as should be the verdict of a jury. Of these, the first in the series was *Ransdell v. Putnam*, 15 Neb., 642, in which the entry in the docket of the justice of the peace was as follows: "After hearing and duly weighing the testimony and authorities, it was found by this court that the plaintiff have and recover of the defendants Ransdell and Reed the sum of twenty-nine dollars and fifty cents as due him for services and labor done and performed and for costs of suit taxed as follows," etc. This language was held to imply the same finding as would have been implied by a verdict of a jury in the following form: "We, the jury, find for the plaintiff and assess his damages at twenty-nine dollars and fifty cents." It was therefore concluded that the finding was sufficient. In the case at bar the entry of the justice of the peace was as follows: "This cause coming on for hearing upon a bill of particulars and the evidence, was submitted to me, upon consideration whereof I find in favor of the plaintiff. It is therefore considered and adjudged by me that the plaintiff recover from the defendant the sum of $125, with seven per cent interest thereon from June 6, 1892, and costs of suit." If the final judgment is considered in connection with the general finding for the plaintiff, it will be seen that there is in the record under consideration at least as much of a finding of facts as in the case of *Ransdell v. Putnam, supra,* for in the latter case the language was: "It is found by this court that the plaintiff have and recover from the defendants Ransdell and Reed the sum of twenty-nine dollars and fifty cents," etc. The next of this series of cases was *McNamara v. Cabon*, 21 Neb., 589, in which it was held that a judgment in the following form was not void, to-wit: "After hearing the

proof it is the opinion of the court that the defendant
Anton Cabon is indebted to the plaintiff in the sum of
$100, * * * with interest from December 20, 1883,
and costs of this suit taxed at $3.15." In this case it was
said: "In *Ransdell v. Putnam*, 15 Neb., 642, it was held
that the finding of facts by a court, where a jury is
waived, need not be more specific than would be required
of the verdict of a jury." This court made no application
of the principle invoked, for it merely held that the lan-
guage, "It is the opinion of the court that the defendant
Anton Cabon is indebted to the plaintiff in the sum of
$100," amounted to a sufficient finding. The incongruity
of attempting to apply the analogies of a verdict to the
requirement of a finding appears by stating the above
finding in the form of a verdict as was done in *Ransdell v.
Putnam*, which case it is sometimes supposed to follow.
Such a form of the verdict would be: We, the jury, are
of the opinion that the defendant Anton Cabon is in-
debted to the plaintiff in the sum of $100. It can
scarcely be claimed, therefore, that this case is an au-
thority for the proposition that upon the trial of ques-
tions of fact by the court it shall be necessary that the
court state its findings with the same fullness required in
the verdict of a jury. In *Rhodes v. Thomas*, 31 Neb., 848,
COBB, C. J., in the syllabus stated the rule thus: "When
an action at law is tried to a court without a jury, the
finding of fact by such court is a substitute for, and
stands in lieu of, a verdict of a jury, and need be no more
specific than the verdict of a jury upon the same plead-
ings and evidence." It can scarcely be overlooked that
this language does not require that the finding of fact
shall be as specific as the verdict of a jury, but that it
need not be more so. This is not a mere fanciful con-
struction of the language of the syllabus, as will appear
from the following facts involved in the case decided.
Originally, the justice entered his judgment as follows:
"October 17, 1888, 9 A. M. Court convenes and defense
proceeds with examination of witnesses, after which case

is argued by attorneys and submitted to the court, with the following finding: October 17, 1888. After hearing the evidence, it is therefore considered by me that the plaintiff have and recover from defendant the sum of $69.15, together with costs taxed at $49.15." In the district court there was stricken out of the transcript, as having been improperly interlined, the words "of $69.15 due from defendant to plaintiff," which followed immediately after the word "finding." After the elimination of these interpolated words the record stood as above quoted, and the district court held the judgment good without any further finding and this judgment was affirmed in this court. In the course of the opinion it was said, however, as to the requirements of a finding, "that it should be as specific as, and stand in the place of, a verdict." This was the first positive enunciation of this requirement in the line of cases which we are following, and in view of the facts upon which the case was really decided this principle was entirely irrelevant. This will appear very clearly from two distinctive considerations, of which the first is that immediately following the requirement that a finding must be as specific as a verdict, this language is found in the opinion: "We consider that portion of the plaintiff in error's argument referring to certain words of the justice's transcript and findings ordered to be stricken out in the district court as not material to the consideration of the case." The other argument, as to the finding being as definite as a verdict, takes the entries of the justice of the peace after the elimination of the finding held immaterial, and, as was done by COBB, J., in *Ransdell v. Putnam*, states the substance of such finding in the form of a verdict thus: "It is therefore considered by us that the plaintiff have and recover from the defendant the sum of $69.15, together with costs taxed at $49.15." It would of course be objected that this is, in form, rather a judgment than, in any sense, a finding upon which to base a judgment. If this is true, and no one can gainsay the correctness of

this classification, there was in fact no finding by the justice of the peace, and yet his judgment was sustained by this court. Whatever other proposition this case may sustain, there is one thing certain, and that is, that it has no tendency toward sustaining the principle that a finding, to sustain a judgment, must be as specific as, and stand in the place of, a verdict. This closes the list of cases which seem to sustain this doctrine, and in none of them is it discoverable that this test of the sufficiency of a finding has ever been applied, much less enforced. It is noticeable that in none of the cases of this class was there a reference to the Code of Civil Procedure which recognizes the necessity of a finding of any kind. This review of cases would scarcely be complete without mention of *Kirkwood v. First Nat. Bank of Hastings*, 40 Neb., 484, in which was noted all the cases cited by counsel on this branch of the case, and, perhaps, some others on the same lines, but, as the questions therein determined were only that the district court had no power to require indemnity to be given as a condition on which the character of its judgment was dependent, in the absence of a finding which would sustain this requirement, it has but little bearing upon the question hereinbefore considered.

The extended examination of the cases bearing upon the subject under discussion has served to impress upon us very strongly the wisdom of accepting the provisions of the statute as we find them and of giving effect to them according to their terms, uninfluenced by mere fanciful analogies. The requirement of section 297 of the Code of Civil Procedure is that upon the trial of a question of fact by the court it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant, except upon request under certain conditions, and the judgment of the justice of the peace under consideration was in strict conformity with this requirement. The judgment of the district court is therefore

AFFIRMED.