## LOUIS T. MICHAUT V. FRANK McCART.

FILED JUNE 23, 1898. No. 8217.

Justice of the Peace: JUDGMENT: SUFFICIENCY OF FINDING. An entry in the docket of a justice of the peace as follows: "After hearing the evidence on both sides, and argument, it is considered by me that the plaintiff shall recover of the defendant" a sum named, imports a sufficient finding to support the judgment. *Rhodes v. Thomas*, 31 Neb. 848, followed.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*Sedgwick & Power*, for plaintiff in error.

*John Tongue, contra.*

IRVINE, C.

McCart recovered a judgment against Michaut before a justice of the peace for $18.15 and costs. Michaut took the case on error to the district court, where the judgment was affirmed. These proceedings seek a reversal of the judgment of affirmance. The assignments of error raise the question of the sufficiency of the justice's findings to support the judgment rendered.

The entry on the docket of the justice is as follows: "After hearing the evidence on both sides, and argument, it is considered by me that the plaintiff shall recover of the defendant the sum of $18.15 and costs of this action." It has often been held that a finding is essential to the regularity of a judgment, and that this is as requisite in cases before a justice of the peace as in other courts. But it seems the language quoted imports a finding. In *Ransdell v. Putnam*, 15 Neb. 642, the entry was: "It was found * * * that the plaintiff have and recover from the defendants," etc., and this was held sufficient. In *Rhodes v. Thomas*, 31 Neb. 848, the entry was: "Court convenes and defense proceed with examination of witnesses, after which case is argued by attorneys and submitted to the court with the following finding: October 17, 1888. After hearing the evidence, it is therefore considered by me that the plaintiff have and recover from the defendant the sum," etc. This, too, was held to be a sufficient finding. The latter entry is like the one before us except that by way of a kind of preamble the entry is first described as a finding. We take it that this fact would not make a finding out of matter not equivalent thereto, and we certainly do not feel disposed to hold that the word "find" or "found" is absolutely essential. If the foregoing cases are traceable to any principle it must be that it is sufficient if from the entry it appears that the judgment follows from a determination of the issues. This appears from the recital that it is based on a consideration of the evidence and arguments. The justice

and the district court were certainly warranted in following the analogy of the cases cited. There can be no doubt of what was intended by the justice and that he in fact proceeded upon an examination of the evidence and entered his judgment in accordance with the result thereby attained. We do not care to re-examine the question on principle. It is not one of any great practical moment, and it is safest in such cases to follow the precedents.

AFFIRMED.