[Civ. No. 165.  Third Appellate District.—February 24, 1906.]

P. McRAE, Respondent, v. FRANK BLAKELEY, Appellant.

INJUNCTION—CONSTRUCTION OF DITCH ON LAND OF THIRD PERSON—
EVIDENCE—FINDING.—In an action to enjoin the defendant from
maintaining and operating a ditch across lands of the plaintiff, the
plaintiff establishes a *prima facie* case entitling him to an in-
junction upon proving his ownership of the land and the construc-
tion of the ditch by the defendant; and the defendant, if he relies
upon a license to defeat such relief, must establish it. A finding
for the plaintiff is supported by evidence of his ownership of
the land, and an admission by the defendant that he constructed
the ditch.

ID.—DITCH—PRESUMPTION OF INJURY—DIRECTION TO DESTROY DITCH
—JUDGMENT.—A ditch, from one hundred and ten to one hundred
and twenty-two feet wide, and from four to five feet deep, con-
structed by the defendant across the land of the plaintiff, will be
presumed to damage the plaintiff's land, and to be intended for
the purpose of conveying water, and a judgment enjoining the
wrongful maintenance of such ditch may command the defendant
to fill it up, and restore the premises to their original condition.

ID.—PLEADING—WRONGFUL AND UNLAWFUL.—The complaint, in an ac-
tion to enjoin the defendant from maintaining such ditch, need
not allege that his entry on the lands of the plaintiff and the acts
complained of were "wrongful and unlawful." Such an allega-
tion would be a mere legal conclusion.

APPEAL from a judgment of the Superior Court of Kings
County.  M. L. Short, Judge.

The facts are stated in the opinion of the court.

Charles J. Lamberson, and H. P. Brown, for Appellant.

Hannah & Miller, for Respondent.

BUCKLES, J.—This action was brought to recover dam-
ages against the defendants for constructing a ditch across
certain lands belonging to plaintiff and to secure a perpetual
injunction restraining defendant from maintaining, using, en-
larging, or turning into, running, carrying or conducting
water through said ditch and also for general relief.  The

answer denied all the allegations of the complaint and set up leave of plaintiff to construct said ditch. At the trial the plaintiff called a civil engineer, by whom he proved the existence of a ditch on plaintiff's land and its dimensions and that it was from one hundred and ten to one hundred and twenty-two feet wide and from four to five feet deep. Defendant then admitted that he, Frank Blakeley, built the ditch across plaintiff's land and admitted that plaintiff was the owner of the land across which the said ditch was made. This was all the testimony and both parties rested. Judgment was for plaintiff that defendant fill up said ditch and a mandatory injunction granted. The appeal is from the judgment.

The question to be determined is: Does the evidence justify the findings? The complaint alleges that the defendant "without any right or claim of right, willfully, wrongfully and unlawfully and against the will and wish of plaintiff, and with force and arms and during plaintiff's absence from the premises broke and entered the said lands of plaintiff and trod down and destroyed the crops growing thereon, and dug up and excavated, and removed the soil and earth therefrom, and dug a deep ditch or canal through and across said lands . . . to the plaintiff's damage. . . . " This the answer specifically denies and by the fifth paragraph alleges that a certain canal or ditch was made across the said lands of plaintiff with the consent of the plaintiff, and that the same is now, and has been, of great value to plaintiff, etc. The court found in the language of the complaint as to the construction of the ditch, and appellant claims that the evidence does not justify such finding. We think that the ownership of the land and the construction of the ditch being admitted the possession in plaintiff is presumed, as is also the entry of defendant without right; and no evidence on the question of damage being presented by plaintiff, the plaintiff established a *prima facie* case, and it then devolved upon defendant to show his "leave and license" to do the things that he admitted doing, and as he made no attempt to do so, we think the finding correct and supported by the evidence. (*Brownell* v. *Fisher,* 57 Cal. 150; *Lentz* v. *Victor,* 17 Cal. 272.)

The third finding is also objected to as not being supported by the evidence. This finding is that defendant has ever

since the construction of said ditch wrongfully and unlawfully and without claim or color of right willfully maintained, and still continues to so maintain said ditch on plaintiff's lands, and it is his purpose and intention and he threatens to, unless restrained, continue to so maintain the same, and to turn into and carry water through the same, and over the said lands to the damage and injury of said lands, and that said damage will be continuous, and unless enjoined and prevented will ripen into a right to maintain such ditch. Notwithstanding defendant's allegation in his answer that running water through this ditch on plaintiff's land is a benefit to said land, he offered no proof of the fact, and the plaintiff having alleged the damage to his land by reason of said ditch, and the running of water through the same over his land, and the proof showing the ditch having been put there by defendant without claim or color of right, and that the ditch was still there, one hundred and ten to one hundred and twenty-two feet wide and four or five feet deep, would surely have a tendency to show an injury to plaintiff's land as well as the defendant's intention to maintain the same and to run water through the said ditch. We think the third finding fully supported by the evidence.

The fourth and fifth findings, that the ditch made by defendant is an obstruction to the free use of said land, and the plaintiff's comfortable enjoyment thereof, and that the plaintiff is entitled to a judgment restraining the defendant from maintaining or in any manner using said ditch, enlarging the same, or running water through the same, or in any manner trespassing on plaintiff's land, and entitled to an order commanding said defendant to fill up said ditch and restore the premises to their former condition are fully supported by the evidence, admissions and presumption aforesaid. To say that a ditch or canal of the dimensions this one is shown to be constructed across the lands of plaintiff by another without any right whatever to do so, under an allegation by the plaintiff of injury to his lands, does not furnish at least a presumption of injury, would be contrary to common knowledge and human experience. This injury to the land being done by making the ditch, a judgment of the court enjoining the use thereof or any further maintenance by defendant would not correct the evil or abate the nuisance.

Nothing short of filling up the ditch and restoring the premises to their condition prior to the trespass by the defendant can accomplish it. (*Gardner* v. *Stroever*, 89 Cal. 26, [26 Pac. 618].) The findings are all supported by the evidence. That the acts complained of were done willfully and wrongfully appears the moment it is shown that they were done by a trespasser, one without any claim or color of right. The plaintiff herein alleged ownership, and surely this, coupled with an allegation of possession (though unnecessary), and that defendant, without claim or color of right, went thereon and committed some detrimental act, would be sufficient without an allegation that the entry and the act complained of were "wrongful and unlawful." No statement of fact is comprised within those words. They are merely a statement of a conclusion of law which follows by reason of the existence of the allegation of fact. (*Payne and Dewey* v. *Treadwell*, 16 Cal. 244; *F. A. Hihn Co.* v. *Fleckner*, 106 Cal. 95, [39 Pac. 214].)

The judgment is affirmed.

Chipman, P. J., and McLaughlin, J., concurred.