## WILLIAM FLANNIGAN, Respondent, v. MICHAEL NASH, Appellant.

### St. Louis Court of Appeals, May 4, 1915.

1. **JUSTICES' COURTS: Requisites of Statement.** A statement filed in a justice's court is sufficient if it advises the defendant of the nature of the claim asserted and is so far specific and definite as to bar another action on the same demand.

2. **AUTOMOBILES: Collision Between Automobile and Wagon: Instructions: Assumption of Disputed Facts.** In an action for personal injuries to plaintiff and damages to his horse and wagon, caused by a collision between the wagon and defendant's automobile, where the evidence was conflicting concerning whether the automobile struck the wagon or the wagon was backed into the automobile, and also concerning whether plaintiff was injured in the collision, the court instructed the jury that if they found that plaintiff was run into by an automobile, that said collision was occasioned by the negligence of defendant, and that, by the negligence of defendant, "*at and prior to the time plaintiff was injured by said automobile striking said horse and wagon,*" in that defendant failed to sound a gong or bell and failed to give warning of its approach, etc., they should find for plaintiff. *Held,* that the instruction was erroneous for assuming, through the use of the words quoted, that the automobile struck the wagon and, incidentally, that plaintiff was injured.

3. **INSTRUCTIONS: Assumption of Disputed Facts.** An instruction which assumes the existence of a disputed fact is erroneous.

4. **AUTOMOBILES: Collision Between Automobile and Wagon: Last Chance Doctrine: Sufficiency of Evidence.** In an action for personal injuries to plaintiff and damages to his horse and

wagon, caused by a collision between the wagon and defendant's automobile, evidence *held* insufficient to warrant a recovery on the theory that the automobile was not stopped in the shortest space possible after the discovery of the danger, when, if it had been so stopped, the collision would have been averted.

5. **INSTRUCTIONS: Submitting Unproved Facts.** An instruction which submits a theory of liability not warranted by the evidence is erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

REVERSED AND REMANDED.

*Taylor R. Young* for appellant.

(1) The judgment against plaintiff in this case does not bar the plaintiff from instituting another suit for the same collision, there being no place alleged in the petition where the collision occurred, except Twentieth street between O'Fallon and Division streets. Weil v. Greene Co., 69 Mo. 286; Reed v. Wilson, 41 N. J. L. 29; Gillet v. Fairchild, 4 Denio (N. Y.), 80. (2) There was no evidence to support instructions authorizing a recovery for plaintiff. It is error to give instructions unsupported by any evidence. Dedo v. White, 50 Mo. 241; Edwards v. Meyers, 22 Mo. App. 481. (3) The instruction authorizing a recovery for failure to use the highest degree of care has no evidence to support it in that the record does not show that the place where the collision is alleged to have occurred is located in the State of Missouri or was a place much used for travel, and it also ignores the defense of contributory negligence. In the latter respect it conflicts with the defendant's given instructions prohibiting a recovery, if the plaintiff failed to exercise ordinary care for his own safety. Cases cited under point II. Conflicting instructions mislead the jury and the giving thereof is error. Bluedorn v. Mo. Pac. R. R., 108

Mo. 439; Jones v. C., B. & K. C. R. Co., 59 Mo. App. 137.

*Wm. Sacks* for respondent.

(1) The allegations as set out in the petition were sufficient to support the verdict in a cause filed before a justice of the peace and definite enough to bar another cause of action for the same subject-matter, and set forth enough of the particulars to enable defendant to prepare his defense. Tockstein v. Bimmerly, 150 Mo. App. 491; Leach v. Lynch, 144 Mo. App. 391; Barr v. St. Louis & S. R. Co., 114 Mo. App. 425; Hall v. St. Louis & S. Ry., 124 Mo. App. 661; Haynes v. Wabash R. R. Co., 54 Mo. App. 582; Syder v. Bishop, 63 Mo. App. 157; Bell v. Boyd, 63 Mo. App. 137; Cunningham v. Dickinson, 104 Mo. App. 410. (2) The instructions given in this case by the court were justified both by the evidence and the law. Session Acts 1911, page 322 and page 327, Rule 3. (3) The humanitarian doctrine does not apply. Murphy, Admr. Estate of Luke Fletcher, v. Wabash Railroad, 228 Mo. 56; Burton v. Railroad, 176 Mo. App. 19; Vandagrift v. Masonic Home, 242 Mo. 138; Dutcher v. Railroad, 241 Mo. 191.

ALLEN, J.—This is an action for damages for injuries to plaintiff's person and property, alleged to have been caused by the negligence of defendant in running his automobile against a wagon in which plaintiff was seated. The cause originated before a justice of the peace where plaintiff had judgment for $100. On defendant's appeal to the circuit court, and a trial *de novo* before the court and a jury, there was a verdict and judgment for plaintiff for $250, and the case is here on defendant's appeal.

On or about June 15, 1912, plaintiff, who was engaged in selling ice which he delivered to his customers at their homes, was driving a horse and wagon,

owned by him, along Twentieth street in the city of St.
Louis. Plaintiff's evidence is to the effect that he was
driving but a few feet from the curb when defend-
ant's servant in charge of defendant's automobile, ap-
proaching plaintiff from the rear, attempted to pass
between plaintiff's wagon and the curb without sound-
ing a horn or bell or giving other warning to plaintiff;
that the space between the wagon and the curb was
insufficient to permit the automobile to pass and the
latter struck the wheels of plaintiff's wagon, knocking
it diagonally across the street for some distance, dam-
aging both the wagon and the horse, and throwing
plaintiff from his seat into the wagon and injuring him.

Defendant's evidence tended to show that there was
ample room between plaintiff's wagon and the curb for
the automobile to pass, but that as the latter was pass-
ing the wagon plaintiff suddenly pulled his horse toward
the curb causing the automobile to run under one of the
shafts attached to plaintiff's wagon; that the auto-
mobile did not strike the wagon itself, but merely ran
under and slightly raised the shafts.

Plaintiff claims to have expended twenty-seven dol-
lars for renting a wagon until his own could be repaired,
thirty dollars for repairing the wagon, twenty-five dol-
lars for the services of a veterinary who treated his
horse, and that owing to his own injuries he was com-
pelled to employ a helper for a month at two dollars
and fifty cents per day. He testified further that the
horse, which he says was reasonably worth $150, was
so injured that he became nearly worthless and was
sold for fifteen dollars. It developed, however, that
plaintiff had paid but twenty dollars or twenty-two dol-
lars for the wagon, and eighty-five dollars for the horse,
both of which he had purchased but two or three months
prior to the accident; and that plaintiff had not had
the services of a physician to treat his own injuries
which are said to have consisted of bruises. And de-
fendant testified that when he went to see plaintiff after

the accident, plaintiff claimed damages for injury to the shafts alone.

The statement filed before the justice of the peace is assailed, but the contentions in this regard need not be stated. Under the liberal rule prevailing with respect to statements filed before justices of the peace this statement is evidently sufficient; for it suffices to advise the defendant of the nature of the claim asserted against him and is so far specific and definite as to bar another action on the same demand.

It is apparent, however, that the judgment must be reversed and the cause remanded for error in the giving of an instruction for plaintiff, plaintiff's only instruction covering the facts necessary to be found in order to fasten liability upon defendant. This instruction begins by correctly stating the degree of care imposed upon the defendant and his servants in operating the automobile in question, under and in accordance with the provisions of the statute. [Laws 1911, p. 330.] The instruction then tells the jury that if they find that at the time and place in question plaintiff "was run into by an automobile, that said collision was occasioned by the carelessness and negligence of defendant, his servants and employees, and that by the carelessness and negligence of said defendant, his servants and employees, at and prior to the time plaintiff was so injured, by said automobile striking said horse and wagon, the said defendant through his servants and employees failed to sound a gong or bell, and failed to give warning of its approach;" and if the jury find that "said horse and wagon, at the time said automobile was approaching it, was at a sufficient distance from it to be seen by defendant, his servants and employees who were then running, conducting and managing said automobile, or by the exercise of ordinary care on their part, the said wagon could have been seen, and the danger to which said wagon and horse were then exposed in time to stop said automobile by the

use of ordinary skill and care;" and if "the defendant, his servants and employees, negligently and carelessly failed to use such degree of care in time to stop said automobile, and to prevent the said automobile from striking said horse and wagon and injuring said plaintiff," then to find a verdict for plaintiff.

This instruction is faulty in many particulars. While it requires the jury to find that plaintiff "was run into by an automobile," it assumes that the automobile struck the horse and wagon, for it requires the jury to find that no warning was given "at and prior to the time plaintiff was so injured by said automobile striking said horse and wagon." Incidentally it also assumes that plaintiff was in fact injured. There is a sharp conflict in the evidence as to whether or not the automobile struck the wagon and injured it and the horse, and defendant denies that plaintiff was thrown from his seat into the wagon and injured. This part of the instruction is subject to other criticism. It should be entirely recast upon another trial, if one be had.

But aside from this, the latter part of the instruction attempts to introduce the humanitarian doctrine into the case when there is nothing whatsoever in the evidence to support a recovery upon this theory. For this reason alone it is fatally defective.

The instruction on the measure of damages is also faulty in assuming that injuries in dispute were in fact inflicted, if not subject to criticism upon other grounds; but it is not necessary to discuss these matters in detail.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.