## GARBER v. SPRAY.

(No. 885; Decided May 7th, 1917; 164 Pac. 840.)

APPEAL AND ERROR—REVIEW—WAIVER—PARTIES—PLEADINGS IN JUSTICE COURT—REQUISITES OF PETITION IN TRESPASS—SUFFICIENCY OF FINDING TO SUPPORT JUDGMENT—CONSTRUCTION OF FINDINGS—NECESSITY OF FINDINGS—TRIAL—JURISDICTION OF JUSTICE OF THE PEACE—AMOUNT IN CONTROVERSY.

1. An alleged defect of parties plaintiff in an action tried in justice court, not objected to at the proper time, and not referred to in the brief of plaintiff in error, except in a statement of the questions presented in justice court upon a motion to set aside the judgment, will be treated as waived on appeal.

2. An objection made on the ground of an alleged defect of parties plaintiff, not made until the filing of the motion to set aside the judgment, is too late, and the error, if any, should be treated as waived.

3. A petition filed in justice court alleging trespass by animals, informing defendant of the nature of plaintiff's claim and

the ground relied on to support the action in a manner sufficiently clear to bar another suit for the same cause of action, is sufficient.

4. A petition in an action in justice court for damages for trespass of cattle, held sufficient to support the judgment against objection made after entry of judgment, that the petition did not allege or state facts showing that defendant's alleged acts were unlawful or wrongful.

5. A much less degree of technicality and formality in the form of judgment, as well as in other matters of procedure, is required in justice courts, than in courts of record. A judgment of such a court is generally held sufficient without the formal statement of a finding, where it shows the determination of the cause upon the evidence, indicating upon a liberal construction at least a general finding. Such judgments are to be liberally construed with more regard to substance than form.

6. A finding of fact by a justice of the peace upon the only controverted point in evidence, is sufficient to support a judgment; it is unnecessary to make findings as to matters admitted, or not denied in pleadings.

7. No objection having been taken to the finding or judgment, the plaintiff in error is not in position to complain of the findings as defective or insufficient; an exception to the overruling of the motion to set aside the judgment does not entitle plaintiff in error to raise the point on appeal, for the reason that such a motion is unauthorized in justice court where a trial has occurred on the appearance of both parties.

8. Where plaintiff sued to recover damage in the sum of $200.00 to her one-half interest in a crop of rye, a justice court has jurisdiction, as the amount in controversy was the amount claimed. The fact that the owner of the other half interest might sue and recover the damage to his interest does not affect the question, defect of parties plaintiff having been waived.

Error to the District Court of Platte County; William C. Mentzer, Judge.

Action in justice court by Verna Spray against L. A. Garber. From a judgment of the District Court affirming judgment of the justice, defendant appeals.

*Kinkead & Henderson,* for plaintiff in error.

The petition is insufficient to support the judgment; the findings of the justice are insufficient to support the judgment; the amount in controversy was in excess of the jurisdiction of the justice; pleadings are essential to make an issue in justice court. (Y. M. C. A. of Dallas v. Schow Bros. (Tex.), 161 S. W. 913.) The cause of action must be shown. (Prest-O-Lite Co. v. Widrig (Mich.), 146 N. W. 178; Watkins v. Ford (Mich.), 37 N. W. 300.) Written pleadings are governed by the essential rules. (Bell-Wayland Co. v. Nixon (Okla.), 156 Pac. 1195.) The petition in justice court must set forth plaintiff's cause of action. (Turner v. McCook, 77 Mo. App. 196; Powell v. Alfred, 39 S. E. 449; Smith v. Stone, et al., 21 Wyo. 62; Patton v. Elk River Navigation Co., 13 W. Va. 259; Kingsley v. Bill, 9 Mass. 198; Lyman v. Dale (Mo.), 171 S. W. 352; Houston & T. C. R. R. Co. v. Red Cross Farm (Tex.), 53 S. W. 834; Barbee v. Taylor, 1 Mich. 351; Prall v. Waldron, 2 N. J. L. 88.) In actions of tort, pleadings must be specific. (King v. Murphy, 151 N. Y. Sup. 476.) The material facts must be shown by direct averments. (Clendening v. Guise, 8 Wyo. 91; K. P. R. R. v. Taylor, 17 Kan. 566; St. Louis & S. F. R. R. Co. v. McReynolds, 24 Kan. 267; Barrackman v. Girard, 26 Kan. 284; St. Louis & S. F. R. R. Co. v. Hoff (Kan.), 92 Pac. 539; Hays v. Lewis, 17 Wis. 210; Stoflet v. Marker, 34 Mich. 313.) Material facts must be definitely stated. (Smith v. Stone, et al., 21 Wyo. 62; Clendening v. Guise, 8 Wyo. 91; City of Rawlins v. Jungquist, 16 Wyo. 403; Wearne v. France, 3 Wyo. 273; Elwood Gas & Oil Co. v. Becker (Ind.), 41 N. E. 1063; Corbin v. Oldham's Adm'r., 1 Ky. Law Repts. 327; Lake Erie & W. R. R. Co. v. Holland (Ind.), 69 N. E. 138; Barber v. Taylor, 1 Mich. 351.) Objection to insufficiency of pleadings to state a cause of action may be taken at any time. (Becker, et al., v. Hopper, et al., 22 Wyo. 237; Armstrong v. Gibson, 31 Wis. 61; Evans v. Cheyenne C. S. & B. Co., 21 Wyo. 184; Prest-O-Lite Co. v. Widrig (Mich.), 146 N. W. 178; Goodwin v. Cadwallader (Ind.), 61 N. E.

938; 3 Corpus Juris, Sec. 777.) The findings must support the judgment. (McNamara v. O'Brien, 2 Wyo. 447; Horn v. Lupton (Ind. 1914), 105 N. E. 237; Pangburn v. Buick Motor Co. (N. Y. 1914), 105 N. E. 423; Wysong v. Nealis (Ind.), 41 N. E. 388; Graham v. The State, 66 Ind. 386; Kinsey v. Green, 51 Calif. 379; Downing v. Graves, 55 Calif. 545; Blankenship v. Whaley (Calif.), 57 Pac. 79; Gaffey v. N. W. Mutual Life Ins. Co. (Neb.), 98 N. W. 826; Maynard v. Mutual Life Ins. Assn. (Utah), 47 Pac. 1030; N. P. R. R. Co. v. Reynolds,. 50 Calif. 90; Campbell v. Buckman, 49 Cal. 362; 2 Starkie Ev. 183-4; Clark v. Clark (Tex.), 51 S. W. 337; Hoodless v. Jernigan, 35 So. 670; Wiley v. Lovely, 46 Mich. 83; Spears v. Wise, 65 So. 786; Hollinger v. Big Sespe Oil Co. (Cal.), 151 Pac. 369.) A petition in trespass, if it fails to state that cattle were on plaintiff's lands, in violation of his rights, fails to state a cause of action. (Cosgriff Bros. v. Miller, 10 Wyo. 190; Martin v. Platte Valley Sheep Co., 12 Wyo. 432; Minter v. Gose, 13 Wyo. 178; Hardman v. King, 14 Wyo. 503; Painter v. Stahley Bros., 15 Wyo. 510; Glen Jean R. R. Co. v. Kanawha, 47 W. Va. 725; 38 Cyc. 1080.) The defect is not cured by verdict. (Cleveland R. R. Co. v. Stackhouse, 10 Ohio St. 567; Nye v. Bill Nye Co. (Ore.), 71 Pac. 1043; Thornton v. Kaufman (Mont.), 88 Pac. 796; Goodwine v. Cadwallader (Ind.), 61 N. E. 938.) A judgment in favor of a tenant in common does not prevent his co-tenant from recovering from the trespasser the damages he has sustained by such trespass. (38 Cyc. 120; Gillum v. St. Louis, &c. R. R. Co., 4 Tex: Civ. App. 622; Jackson v. Moore, 87 N. Y. S. 1101; Kingsley v. Bill, 9 Mass. 198.) An omission of material allegations is fatal. In tort plaintiff's proofs must be restricted to the allegations of his complaint. The petition in this case merely stated that defendant's cattle had damaged plaintiff's crops, without showing any circumstances, or in what manner the damage was done. There was a wrongful splitting of the causes of action. The judgment rendered was in excess of the amount for which a justice has jurisdiction.

*Marion A. Kline* and *Oscar O. Natwick,* for defendant in error.

Errors not excepted to will not be reviewed. (Syndicate Improvement Co. v. Bradley, 6 Wyo. 171, 43 .Pac. 79, 44 Pac. 60.) Defendant did not except to the findings or judgment and they are not before this court for review. (Hudson Coal Co. v. Hauf, 18 Wyo. 435.) The amount in controversy, $200.00, was within the jurisdiction of the justice. (24 Cyc. 464; Knocke v. Perry, 90 Mo. App. 483; Hull v. Webb, 78 Ill. App. 617; Wedgewood v. Parr, 112 Ia. 514, 84 N. W. 528; Cilley v. Van Patten, 68 Mich. 80, 35 N. W. 831; Todd v. Gates, 20 W. Va. 464.) In the Wyoming cases cited by plaintiff in error the alleged trespasses were committed upon unenclosed lands; in the present case, the enclosure was broken down and the trespassing stock driven in. The Wyoming cases cited, therefore, support the position of defendant in error. This is particularly true of Hudson Coal Co. v. Hauf, supra, which is supported by the following cases: Everett v. Irwin (Ind.), 94 N. E. 352; Fauble v. Stewart, 35 Ia. 379; Railway Co. v. Woodard (Ind.), 41 N. E. 544; Anderson v. Lipe (Ind.), 16 N. E. 833; Lippencott v. Smith, 4 N. J. L. 95; Gibbs v. Railway Co., 11 Mo. App. 459; Boefer v. Sheridan, 42 Mo. App. 226; Twine v. Kilgore (Okla.), 39 Pac. 388; Galbraith v. McCormick, 23 Kan. 706; Brown v. Thompson (Ind.), 90 N. E. 631; Clifford v. Meyer (Ind.), 34 N. E. 23; Gittings v. Baker, 2 Ohio St. 26; Stull v. Wilcox, 2 Ohio St. 572. Every reasonable presumption and intendment will be used to sustain the pleadings after verdict; if a cause of action can be gathered from all the papers that is sufficient. (Nott v. Johnson,-7 Ohio St. 270; Bethel v. Woodworth, 11 Ohio St. 393; Jarmusch v. Otis, &c. Co., 3 Ohio C. C. (N. S.) 1; Hallam v. Jacks, 11 Ohio St. 692.) A complaint sufficient to apprise a person of the nature of plaintiff's demand is sufficient. (Hanson v. Gronlie, 115 N. W. 666; Morrison v. Railroad Co. (Ark.), 112 S. W. 975; Milholland v. Pence, 11 Ind. 203; Fockstein v. Bimmerle, 131 S. W. 126.) An omission of allegations of negligence will not warrant re-

versal. (Atlantic Coast Line Co. v. Lane and Autry (Ga.), 71 S. E. 918; Leach v. Lynch, 128 S. W. 795.) Where no formal allegations are required and no objections are made to a pleading, any pleading indicating the general nature of plaintiff's claim is sufficient. (Daniels v. Clegg, 28 Mich. 32; Van Cleave v. St. Louis (Mo.), 60 S. W. 1091; Wilcox v. Railroad Co. (Mich.), 5 N. W. 1006.) Cases cited by plaintiff in error do not sustain his contention.

POTTER, CHIEF JUSTICE.

This case is here on error for the review of a judgment of the district court in and for Platte County affirming on petition in error the judgment of a justice of the peace. The action was commenced before the justice of the peace by the defendant in error, Verna Spray, the summons reciting that the plaintiff "sues on a civil action to recover the sum of two hundred dollars, same being for damages done to a crop of rye owned by plaintiff by reason of trespass thereon by defendant's cattle." Both parties appeared at the time specified in the summons, and the plaintiff thereupon filed a written petition alleging that she is and at all times during the year 1915 was the owner of a certain described tract of land in Platte County, and a one-half interest in a crop of rye growing thereon; that the defendant is the owner of a large number of range cattle; and that "on the 29th day of May, 1915, the defendant took down the wires and broke down the fence which enclosed the field in which said rye was growing and drove a large number of his cattle into said field of rye, and left said cattle for many hours in said field of rye to eat and graze on the same, and at many other times during the year of A. D. 1915 the said defendant took down the wires of said fence and tore down said fence and drove his cattle upon said field of rye and left them there to eat and graze on the same, until said field of rye was completely destroyed. That plaintiff's one-half interest in said rye was worth the reasonable sum of two hundred dollars and upwards." There was a prayer for judgment for two hundred dollars and costs. The plaintiff was represented at the trial

in the justice's court by an attorney, and defendant was present, but without an attorney. After the examination of witnesses for the plaintiff and defendant, respectively, a jury having been waived, and all the evidence had been received, judgment was rendered in favor of the plaintiff for $150 damages, the finding and judgment being entered in the docket as follows: "This court found upon the evidence given in the above case, that the L. A. Garber defendant cattle had damaged the Verna Spray, plaintiff, field of rye, therefore this court rendered judgment for damage against the defendant and in favor of plaintiff for $150.00 dollars and cost of this action." The case was tried and judgment rendered on September 24, 1915, and on the fifth day thereafter the defendant filed with the justice a motion to set aside the judgment, stating as grounds therefor that the amount in controversy was $400 and therefore beyond the jurisdiction of the justice's court, that there was a defect of parties plaintiff, and that the petition and finding were each insufficient to support the judgment. That motion was overruled, to which an exception was taken, and a bill of exceptions was allowed and signed by the justice, but not embracing any of the evidence; and thereupon the plaintiff filed a petition in error in the district court praying that upon the record the judgment be reversed and the action dismissed. Upon a hearing in that court it was found that no prejudicial error had been committed and the judgment was affirmed, to which the defendant, plaintiff in error in that court and this, excepted.

The points involved will be considered in the order in which they are discussed in the brief of plaintiff in error. The alleged defect of parties plaintiff does not seem to be relied on here, for it is not referred to in said brief, except in stating the questions presented in the justice's court upon the motion to set aside the judgment and may, therefore, be treated as waived. But the defect, if any, was waived by failure to make the objection at the proper time and in the proper manner. (Gilland v. U. P. Ry. Co., 6 Wyo. 185, 43 Pac. 508; 2 Waterman on Trespass, Sec. 461.)

There was no demurrer to the petition, nor was it otherwise objected to before trial or judgment, or until the filing of the motion to set aside the judgment, but it is contended that it fails in substance to state a cause of action and is, therefore, insufficient to support the judgment, for the reason that it does not allege or state facts to show that defendant's alleged acts were unlawful or wrongful. If it should be conceded that upon a timely and proper objection or even after verdict and judgment the petition would be insufficient if filed in a cause commenced in the district court, it is not clear that it might properly be held to be insufficient under the rule for determining the sufficiency of pleadings in a justice's court. Strict formality and accuracy are not required of pleadings in such courts, and mere technical defects are to be disregarded, especially when the objection is not timely made; but, though it is essential that they be sufficient in substance to form an issue, and that a declaration, complaint or petition, particularly when in writing, shall state the material facts constituting the cause of action, the general rule is that in such courts it is only necessary that the pleadings shall clearly apprise the opposite party of the grounds relied on to support or defeat the action, and that the petition or complaint shall contain enough of substance to inform the defendant of the nature of plaintiff's claim, and be so explicit that a judgment thereon will bar another suit for the same cause of action. (12 Ency. Pl. & Pr. 696-707; 24 Cyc. 555-560; Bump v. McGrannahan (Ind.), 111 N. E. 640; Flannagan v. Nash, 190 Mo. App. 578, 176 S. W. 248; Connelly v. Parrish, 189 Mo. App. 1, 176 S. W. 546; Prest-O-Lite Co. v. Widrig, 179 Mich. 230, 146 N. W. 178.) This Michigan case is cited by the plaintiff in error, and it holds a declaration for obtaining money under misrepresentation, fraud and deceit in a justice's court to be insufficient, but, after having stated the general rule substantially as above, the court said: "The object of a declaration is fully accomplished when the defendant is fully apprised by it of the grounds of the plaintiff's claim, so that he need be under no misapprehension as to what matters are

to be litigated on the trial," and further: "It is true that it has been held by this court that almost any declaration must be held sufficient, in justice's court, which indicates the general nature of the plaintiff's claim. It was so held in Daniels v. Clegg, 28 Mich. 32. There the 'plaintiff declared in trespass to his damage $100 for injury to buggy and horse.' But, in the declaration which we are considering, the plaintiff by its declaration simply says: 'You have obtained money by misrepresentation, fraud and deceit to my damage.' It is not even alleged what the misrepresentation was, nor what the fraud and deceit was. Under such a pleading, the plaintiff could shift position at will, and defendant never could know what he had to meet." And in that case the declaration had been objected to before the introduction of evidence by motion to strike it from the files, as too vague, indefinite and uncertain, and stating no cause of action. And the same question was raised by a motion to direct a verdict. Applying the rule aforesaid as to pleadings in justice's courts, which we think is generally accepted as the true rule, there seems to be no reasonable ground for holding that the defendant could have misapprehended the nature of plaintiff's claim, or that he was not fully informed by the petition of the nature of the claim, or that the petition was not sufficiently explicit to render a judgment thereon a bar to another suit for the same cause of action.

But the petition would have been sufficient in an action brought in a higher court having jurisdiction, as against an objection made for the first time after verdict or judgment. The words "wrongfully and unlawfully" are used in a petition in an action for trespass in place of the common-law allegation "with force and arms." (2 Kinkead's Code Pl., Sec. 1181.) The words "with force and arms" as formerly employed in pleading at common-law were the only words, except that it was against the peace, used to describe the act as wrongful or unlawful, aside from charging that the defendant broke and entered plaintiff's close, and, in a case like this, the facts as to destroying the herbage. (Crosby v. Wadsworth, 6 East. 602, 102 Eng. Rep. Reprint, 1419; 1

Chitty on Pl. (16th Am. Ed.) 147, 402; Stephen on Plead-
ing, 39; Andrew's Stephen's Pl. (2nd Ed.), Sec. 94, p. 161;
Herndon v. Bartlett, 4 Port. (Ala.) 481.) In the case last
cited the court said: "The court has omitted to notice the
argument of counsel, on the omission of the word 'unlaw-
fully.' In both counts of the declaration, it is alleged. that
the taking was with force and arms, and we should be dis-
posed to consider this a sufficient allegation of unlawfulness,
did we deem it was necessary, to insert it in form or sub-
stance, in the declaration." And the customary form of
averring that the act was done "with force and arms" or
"against the peace," or both, was not regarded as matter of
substance, but the omission to so allege was a mere formal
defect which could be taken advantage of only by special
demurrer, in the absence of which it was cured by verdict.
(1 Chitty on Pl. 402; 2 Waterman on Trespass, Sec. 991;
21 Ency. Pl. & Pr. 817; Wilcox v. Conway, 115 Mass. 561;
Prouty v. Mather, 49 Vt. 415; Griffin v. Gilbert, 28 Conn.
493; Moll v. Sanitary District, 228 Ill. 633, 81 N. E. 1147;
38 Cyc. 1102.) That is the rule also as to the words "wrong-
fully" and "unlawfully," and no special form of stating that
the act was wrongful is required, but it is sufficient if the
wrong can be inferred from the facts stated. (38 Cyc. 1081;
21 Ency. Pl. & Pr. 818; Clagure v. Hodgson, 16 Minn.
(Gil. 291) 329; Pomeroy v. M. & C. R. Co., 16 Wis. 670;
Wilkinson v. Applegate, 64 Ind. 98; McRae v. Blakeley, 3
Cal. App. 171, 84 Pac. 679.)

In Chitty on Pleading, above cited, after stating that the
only mode of taking advantage of the omission of the words
"with force and arms" is by special demurrer, the author
adds that in one case Lord Holt had said that the words
might be omitted. And the words are omitted in the form
for a declaration in trespass to land given in Chitty (16th
Am. Ed., Vol. 2, pp. 615, 617) under the Common Law Pro-
cedure Act of 1852. By that act special demurrers were
abolished, and only statements necessary to be proved were
essential in pleading. The action of trespass at common-
law was for an injury committed with violence either actual

or implied, and the violence would be implied where the injury was direct and immediate, and committed on the person or tangible and corporeal property of the plaintiff; as where one entered wrongfully, though peaceably, upon plaintiff's land. (Gould on Pl., 6th Ed., p. 40; 1 Waterman on Trespass, Sec. 2.) It might not be difficult to infer the wrong in this case from the averment that defendant, after taking down the wires and breaking the fence, drove his cattle into the field of rye, alleged to have been owned in part by the plaintiff, and left them there to graze thereon, especially in view of the principle, seeming to be well settled, that matters in justification of the act charged, such as license, legal authority, and the like, must be specially pleaded. (38 Cyc. 1090, 1091; 2 Waterman on Trespass, Secs. 1005, 1006; McRae v. Blakeley, supra; Wilkinson v. Applegate, supra; Moll v. Sanitary District, supra.) But we need not decide that question, for we think it clear that as against the objection aforesaid after judgment the petition must be held sufficient.

The contention that the finding is insufficient to support the judgment is based, as we understand, upon the theory that the fact, as found by the justice, that the defendant's cattle had damaged the plaintiff's field of rye is not enough to establish the liability of the defendant for the alleged trespass; and it is argued that where there are special findings of facts, though not requested by either party, there must be a finding of every essential fact to support the judgment or the findings will be insufficient.

A much less degree of technicality and formality in the form of judgment as well as in other matters of procedure is required in justice courts than in courts of record. (1 Black on Judgments, Sec. 115; 1 Freeman on Judg. (4th Ed.), Sec. 53.) And a judgment of such a court is generally held sufficient without the formal statement of a finding, where it shows a determination of the cause upon the evidence, thereby indicating, upon a liberal construction, at least a general finding. Thus the following was held a valid entry of judgment in justice court: "After hearing the evidence

and law, judgment was given for plaintiff for $20 against Charles Karcher, and costs, $13.50, making in all $33.50." (Hunter v. Karcher, 8 S. Dak. 554.)  In McGeehan v. Bedford, 128 Wis. 167, 107 N. W. 296, the following seems to have been regarded as sufficient: "Case called. Plaintiff present by H. C. Drier, his attorney, who filed a written complaint showing an indebtedness of $90, besides the interest to the amount of $6.30, of which no part has been paid. Court waited one hour. Defendant did not appear. It is therefore ordered and adjudged that the plaintiff shall have and recover of the defendant the sum of $96.30, principal and interest, besides the costs." And it was held in that case that the omission to state on the docket the fact that evidence was given to support the judgment did not establish the invalidity of the judgment, since the statute did not require the fact to be entered on the docket. In Nebraska the following was held sufficient, it being preceded by a recital showing the examination of witnesses and submission of the case to the court: "After hearing the evidence, it is therefore considered by me that the plaintiff have and recover from the defendant the sum of," etc. (Rhodes v. Thomas, 31 Neb. 848, 48 N. W. 886.) And similar judgments in justice courts have been held sufficient in several other cases. (Michaut v. McCart, 55 Neb. 654, 75 N. W. 1106; Coad v. Read, 48 Neb. 40, 66 N. W. 1002; Haag v. Burns, 22 S. D. 51, 115 N. W. 104; Hughes v. Chicago, I. & L. Ry. Co., 50 Ind. App. 278, 98 N. E. 317.) These cases are referred to merely to show the application of the principle that justice court judgments are to be liberally construed, and with more regard to substance than to form.

But it does not necessarily follow from the contention that the special finding aforesaid omits some facts necessary to establish defendant's liability that such finding is insufficient upon the issues in the case and the evidence to support the judgment, even if it should be conceded that the rules as to special findings in courts of record are applicable with equal force to trials in justice courts, a question we do not decide. For all that the record discloses the only controverted point

in the evidence may have been the fact mentioned in the finding. And the defendant was not entitled to a further or any special finding of facts, nor was any necessary, for the reason that there was no answer or other pleading by the defendant, so far as the record shows, and therefore the allegations of the petition were not denied, and there was no affirmative defense to be considered. It is said in 38 Cyc., at page 1973, that it is not necessary for the court to make findings as to matters admitted or not denied in the pleadings, or otherwise agreed upon; and that seems to be the well settled rule. (Hawkes v. Dodge County Mut. Ins. Co., 11 Wis. 196; Pomeroy v. Gregory, 66 Cal. 572, 6 Pac. 492; Carlisle's Admrs. v. Mulhern, 19 Mo. 57; Goodyear Rubber Co. v. Eureka, 135 Cal. 613, 67 Pac. 1043; State v. Rocky Mountain B. T. Co., 27 Mont. 394, 71 Pac. 311; Allen v. Hollingshead, 155 Ind. 178, 57 N. E. 917; Anderson v. Alseth, 8 S. Dak. 242; 66 N. W. 320; Humboldt Mill. Co. v. Nor. West. Pac. Ry. Co., 166 Cal. 175, 135 Pac. 503; Watson v. Lawson, 166 Cal. 235, 135 Pac. 961; Sutherlin v. Bloomer, 50 Or. 398, 93 Pac. 135.) A judgment without findings is not void, but merely irregular or erroneous. (1 Black on Judgments, Sec. 185; 1 Freeman on Judg., 4th Ed., Sec. 135; Sch. Dist. v. Western Tube Co., 13 Wyo. 304, 80 Pac. 155.) And a reversal of the judgment in this case on that ground, the same not being jurisdictional, would not result in dismissing the action, but in the cause being retained in the district court for trial and final judgment as in cases of appeal (Comp. Stat. 1910, Sec. 5132), and the trial would be de novo upon the pleadings and issues filed and made in the justice court. (Id., Sec. 5264.) Hence it is difficult to see how the defendant could have been prejudiced by the failure to make further findings.

This question has been considered without passing on the points suggested by counsel for defendant in error that no exception having been taken to the finding or judgment the plaintiff in error is not in a position to complain of the finding as defective or insufficient, and that the exception to the overruling of the motion to set aside the judgment does not

entitle him to raise the question for the reason that such a motion is unauthorized in justice court where a trial has occurred upon the appearance of both parties.

The contention that the amount involved was beyond the jurisdiction of the justice, which is limited in civil actions by constitution and statute to cases where the amount in controversy, exclusive of costs, does not exceed two hundred dollars, cannot be sustained. The plaintiff sued to recover the damage to her one-half interest in the crop of rye which was alleged to be $200, and thus within the justice's jurisdiction. Defect of parties having been waived, she was entitled to recover, upon proper proof, the damage to her interest, and she was awarded the sum of $150. Having sued only for the damage to her interest, we think the amount in controversy was the amount claimed, and within the jurisdiction of the justice court. The fact that the owner of the other half interest might sue and recover the damage to his interest does not, we think, affect the question.

We conclude, therefore, that the district court did not err in affirming the judgment of the justice of the peace, and that its said judgment must be affirmed. It will be so ordered.

BEARD, J., concurs.

SCOTT, J., did not sit.